UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER ARMSTRONG,

    Plaintiff/Counter Defendant,    Case No. 11-11921

v.    SENIOR UNITED STATES
    DISTRICT JUDGE
ANDREW SHIRVELL,    ARTHUR J. TARNOW

    Defendant/Counter Claimant

_____/

**ORDER DENYING DEFENDANT'S MOTION
FOR A PROTECTIVE ORDER [15]
and
GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL
RESPONSES TO PLAINTIFF'S FIRST REQUEST TO PRODUCE, FOR COSTS,
ATTORNEY FEES AND FOR SANCTIONS [17]**

    Before the Court are Defendant's Motion for Protective Order [15] and Plaintiff's Motion to Compel, for Costs, Attorneys Fees and for Sanctions [17]. Both Motions were filed on June 27, 2011. The same day, prior to Plaintiff's Motion [17] being filed, the Court ordered a response to Defendant's Motion [15]. Plaintiff, therefore, filed a Response [19] to Defendant's Motion [15]. Pursuant to Local Rule 7.1(f)(2), the Court will decide this motion without oral argument.

    Background

    This lawsuit commenced on May 2, 2011. On May 25, 2011, the Court held a conference at which the parties and their counsel were present. At the conference, the parties agreed that Defendant would make himself available for a full day deposition no later than early July.

Defendant further agreed that he would produce documents in response to Plaintiff's Requests for Production at least one week prior to the scheduled deposition.  After the conference, the parties agreed that the deposition would take place on June 30, 2011 at 9:30 a.m. to accommodate Defendant's schedule and travel arrangements.  The deposition is scheduled to take place in the jury room, per counsels' request.

On June 27, 2011, just a few days prior to the scheduled deposition, the motions in question were filed.

<u>Defendant's Motion for Protective Order</u> [15]

Defendant requests that the Court enter a protective order to 1) prevent Plaintiff's counsel from inviting third parties to the deposition and 2) either seal the June 30, 2011 deposition or prevent the deposition from being videotaped.  Def.'s Mot. [15], at 8, 14.

Federal Rule of Civil Procedure 26(c)(1) provides that "[t]he Court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).  It is in the court's discretion to issue a protective order only if court-imposed secrecy is justified. *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 227 (6th Cir. 1996).  "To show good cause, a movant for a protective order must articulate specific facts showing 'clearly defined and serious injury' resulting from the discovery sought and cannot rely on mere conclusory statements." *Nix v. Sword*, 11 Fed. App'x 498, 500 (6th Cir. 2001).

Defendant has not shown that good cause exists to grant the relief he requests. Defendant's first request is that the court issue a protective order to prevent unnecessary third parties from being present at the deposition.  The Court finds that such a protective order is

unnecessary. Plaintiff has stated, on the record, that he has no intention of bringing unrelated third parties into the deposition. Pl.'s Resp. [19], at 2-3.

Defendant's request that the deposition be sealed or prohibited from being videotaped is also unwarranted. Defendant has failed to show that good cause exists for such a protective order. Defendant argues that the alleged abuse, threats, and harassment by third parties, not involved in this litigation, are a basis for the Court to issue a protective order. The Court finds no merit in Defendant's argument. Defendant's failure to identify "specific facts" showing "clearly defined and serious injury" that would result from the discovery sought prevents the Court from exercising its discretion in granting the relief requested. *See Nix*, 11 F. App'x at 500.

Plaintiff's Motion to Compel Responses to Plaintiff's First Request to Produce, for Costs, Attorney Fees and for Sanctions [17]

Also before the Court is Plaintiff's Motion to Compel Responses to Plaintiff's First Request to Produce, for Costs, Attorney Fees and for Sanctions [17]. The Motion was filed on June 27, 2011. The deposition is scheduled to take place on June 30, 2011. Plaintiff has not requested an adjournment of the deposition.

As stated at the May 25, 2011 conference with the court, Defendant agreed to produce documents a week prior to his deposition. Plaintiff's motion requests the court to compel production of documents responsive to Requests to Produce numbers 1-3 and 9-17. Pl.'s Mot. [17], at 3. Plaintiff also requests that Defendant pay costs, attorneys fees, and sanctions.

Federal Rule of Civil Procedure 37 provides that a party may move for an order compelling discovery. Fed. R. Civ. P. 37. Here, the parties mutually agreed to conduct the deposition on June 30, 2011. Defendant agreed, in the May 25, 2011 conference, that he would provide Plaintiff's counsel with the documents requested a week prior to the deposition.

Defendant is, therefore, ordered to compel production to Plaintiff's Requests 1-3 and 9-17.[1]  The Court, however, does not order costs, fees, or sanctions.

Conclusion

While the Court has not ordered costs, fees, or sanctions at this time, the parties are advised to work together, in a professional manner, to avoid any possible sanctions in the future. Accordingly,

**IT IS ORDERED** that Defendant's Motion for Protective Order [15] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel Responses to Plaintiff's First Request to Produce, for Costs, Attorney Fees and for Sanctions [17] is **GRANTED IN PART** and **DENIED IN PART**.  Defendant is ordered to provide Plaintiff's counsel with responses to requests 1-3 and 9-17 on June 30, 2011, prior to the start of the scheduled deposition.  Defendant is to bring the documents to the location of the deposition. Plaintiff's Motion is denied as to the request for costs, fees, and sanctions.

**SO ORDERED.**

DATED:   June 29, 2011                       S/ARTHUR  J. TARNOW
                                             ARTHUR J. TARNOW
                                             United States Senior District Judge

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 29, 2011, by electronic and/or ordinary mail.

                                             s/Shawntel R. Jackson
                                             Case Manager

---

[1]Since Plaintiff's Motion was filed only a few days before the scheduled deposition and Plaintiff has not requested an adjournment, the Court is unable to order compliance prior to the day of the deposition.