UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER ARMSTRONG,

    Plaintiff/Counter Defendant,

v.

ANDREW SHIRVELL,

    Defendant/Counter Claimant.

_____/

Case No. 11-11921

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

**ORDER SUSTAINING PLAINTIFF'S OBJECTION [95] TO THE MAGISTRATE JUDGE'S ORDER [88]**
and
**DENYING DEFENDANT'S MOTION TO COMPEL [36]**

Before the Court is Plaintiff's Objection [95] to the Magistrate Judge's Order [88] granting in part and denying in part Defendant's Motion to Compel [36].

On September 20, 2011, Defendant filed a Motion to Compel [36]. Plaintiff filed a Response [40]. The Magistrate Judge held a hearing on the motion. On January 12, 2012, the Magistrate Judge issued an Opinion and Order [88] Granting in Part and Denying in Part Defendant's Motion to Compel [36]. Plaintiff filed an Objection [95]. Defendant filed a Response [107]. Plaintiff filed a Reply [109].

### I. PLAINTIFF'S OBJECTIONS

Plaintiff objects to the Magistrate Judge's Order regarding Defendant's Interrogatories Number 1, Interrogatories Number 3, and Request to Admit Number 2. *See* Obj. [95]. The Request to Admit and Interrogatories are phrased as follows:

> **Defendant's Interrogatories No. 1:** Identify each social networking site (e.g., Facebook, LinkedIn, the male homosexual "hook up" site Grindr) to which *you* have ever contributed any content of any kind or been a member, and state your username(s).

. . .

**Defendants Interrogatories No. 3:** Identify all personal ads *you* have ever placed on-line or in a newspaper.

. . .

**Defendant's Request to Admit Number 2:** Admit that you have engaged in sexual relations, including sexual intercourse, with other males.

Def.'s Mot. [36], Ex. 3, at 3, 7.

Specifically Plaintiff argues that the three requests are irrelevant, overbroad, violate Plaintiff's privacy interests, harassing, duplicative of discovery already obtained, and overly broad with respect to the time frame. *See* Obj. [95].

## II. STANDARD OF REVIEW

The standard of review set forth in Federal Rule of Civil Procedure 72(a) governs this nondispositive matter. Fed. R. Civ. P. 72(a). Pursuant to that rule, "The district judge in the case must consider timely objections and modify or set aside any part of the [Magistrate Judge's] order that is clearly erroneous or is contrary to law." *Id.*

Under 28 U.S.C. § 636(b)(1), a magistrate judge's orders shall not be disturbed unless "found to be clearly erroneous or contrary to law." *See United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). The "clearly erroneous" standard requires the Court to affirm the Magistrate's decision unless, after reviewing the entirety of the evidence, it "is left with the definite and firm conviction that a mistake has been committed." *See Sandles v. U.S. Marshal's Serv.*, 2007 WL 4374077, 1 (E.D. Mich. 2007) (citing *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

## III. ANALYSIS

*Request to Admit Number 2*

Plaintiff argues that Defendant's Request to Admit 2–whether Plaintiff has "engaged in sexual relations, including sexual intercourse, with other males"–is irrelevant to the litigation. Obj.

2

[95], at 5-7. Defendant responds that "Plaintiff[' s] engagement in sexual relations, including sexual intercourse, with other males would demonstrate his participation in the homosexual lifestyle and goes to the heart of whether he would actively recruit others to also participate in such a lifestyle." Resp. [107], at 9.

First it is unclear what Defendant means by "homosexual lifestyle." It is clear, however, that an answer to Defendant's Request to Admit 2 would not add to Defendant's efforts in proving Plaintiff's participation in such. Here, the fact that Plaintiff is homosexual is established and uncontested. Obj. [95], at 3 ("Armstrong has answered that he is homosexual . . . and testified that he is proud of his identity and has never hidden his sexual orientation").

Second, whether Plaintiff has engaged in sexual relations with other men, or at all, is irrelevant to the issue of whether he "would actively recruit others to also participate in such a lifestyle." *See* Resp. [107], at 9. Defendant has not shown that sexual relations have anything to do with recruitment into a "homosexual lifestyle." Defendant's request is irrelevant, overly-broad, and will not be permitted. This is not to say that all questions about Plaintiff's sexual activities are irrelevant to the litigation. Defendant's Request to Admit 2, however, is.

The Magistrate Judge's Order, therefore, was in error. Plaintiff's Objection is sustained as to Request to Admit Number 2.

*Interrogatories Numbers 1 and 3*

Plaintiff argues that Defendant's Interrogatories Numbers 1 and 3 are overly-broad. Obj. [95], at 6-7. Specifically, Plaintiff objects to Defendant's interest in Plaintiff's entire sexual history, not only sexual history related to this lawsuit or the time frame involved in this litigation. *Id.* Defendant responds that the requested disclosures "are likely to reveal his participation in sexual activity with other males." Resp. [107], at 11.

As stated above, the Court sees no reason for Plaintiff to have to answer such a broad question about his sexual history. Defendant's Interrogatories Numbers 1 and 3 are overly-broad and will not be permitted. Again, this is not to say that all questions about Plaintiff's sexual activities are overly-broad. Defendant's Interrogatories 1 and 3–aimed at finding out whether Plaintiff has ever had sexual relations with a man–however, are.

## IV.  CONCLUSION

Therefore, the Court being fully advised in the premises,

**IT IS HEREBY ORDERED** that Plaintiff's Objection [95] is **SUSTAINED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Compel [36] is **DENIED**.

**SO ORDERED**.

s/Arthur J. Tarnow<br>
ARTHUR J. TARNOW<br>
SENIOR UNITED STATES DISTRICT JUDGE

Dated: March 2, 2012