UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER ARMSTRONG,

    Plaintiff/Counter Defendant,　　　　　Case No. 11-11921

v.　　　　　　　　　　　　　　　　　　　　SENIOR U.S. DISTRICT JUDGE
　　　　　　　　　　　　　　　　　　　　　ARTHUR J. TARNOW
ANDREW SHIRVELL,

    Defendant/Counter Claimant.

_____/

**ORDER OVERRULING DEFENDANT'S OBJECTION [97] TO THE MAGISTRATE JUDGE'S ORDER [88]**

    Before the Court is Defendant's Objection [97] to the Magistrate Judge's Order [88] granting in part and denying in part Defendant's Motion to Compel [36].

    On September 20, 2011, Defendant filed a Motion to Compel [36]. Plaintiff filed a Response [40]. The Magistrate Judge held a hearing on the motion. On January 12, 2012, the Magistrate Judge issued an Opinion and Order [88] Granting in Part and Denying in Part Defendant's Motion to Compel [36]. Defendant filed an Objection [97]. Plaintiff filed a Response [104]. Defendant did not file a Reply.

**I. DEFENDANT'S OBJECTIONS**

    Defendant raises two objections to Order [88]. First, Defendant argues that the Magistrate Judge's decision not to award discovery sanctions to Defendant was clearly erroneous and contrary to law. Second, Defendant objects to the Magistrate Judge's decision as to Defendant's Request for Production No. 18 requesting information relating to the Order of Angell.

## II. STANDARD OF REVIEW

The standard of review set forth in Federal Rule of Civil Procedure 72(a) governs this nondispositive matter. Fed. R. Civ. P. 72(a). Pursuant to that rule, "The district judge in the case must consider timely objections and modify or set aside any part of the [Magistrate Judge's] order that is clearly erroneous or is contrary to law." *Id.*

Under 28 U.S.C. § 636(b)(1), a magistrate judge's orders shall not be disturbed unless "found to be clearly erroneous or contrary to law." *See United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). The "clearly erroneous" standard requires the Court to affirm the Magistrate's decision unless, after reviewing the entirety of the evidence, it "is left with the definite and firm conviction that a mistake has been committed." *See Sandles v. U.S. Marshal's Serv.*, 2007 WL 4374077, 1 (E.D. Mich. 2007) (citing *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

## III. ANALYSIS

*Request for Discovery Sanctions*

Defendant argues that the Magistrate Judge erred by not issuing an order for discovery sanctions upon Plaintiff. As Defendant notes, a decision to award of sanctions is discretionary. *See Harmon v. CSX Trans., Inc.*, 110 F.3d 364, 366 (6th Cir. 1997). Furthermore, considering the Court's Order Sustaining Plaintiff's Objection [95] and Denying Defendant's Motion to Compel, the Court finds no reason to award discovery sanctions. Defendant's objection as to the request for discovery sanctions is overruled.

*Interrogatory Number 18*

Defendant's Interrogatory Number 18 states:

**Request No. 18:**
To the extent not included in a request above, all *documents regarding*, mentioning or otherwise concerning Order of the Angell in *your* possession, custody or control.

> Without limitation, this must include meeting agendas, meeting minutes, any personal notes, journals, diaries, calendars, digital or electronic files, memos, recordings, photos or other items of any kind.

Def.'s Mot. [36], Ex. 5, at 9. The Magistrate Judge held a hearing on the dispute as to Request Number 18 on November 22, 2011. The Magistrate Judge found that the dispute was deemed resolved because Plaintiff's counsel represented that Plaintiff did not have the information requested. Order [88], at 18. Defendant's objection to the Magistrate Judge's Order is based on his disbelief of Plaintiff's counsel's statement. *See* Obj. [97], at 11 ("It is beyond incredible that Plaintiff Armstrong has no responsive materials whatsoever in his possession.").

Here, Defendant has not shown that the Magistrate Judge's decision was clearly erroneous or contrary to law. Plaintiff's counsel stated that Plaintiff does not have the information Defendant seeks. The Court has no reason to believe otherwise. Therefore, Defendant's Objection as to Interrogatory Number 18 is overruled.

## IV.  CONCLUSION

Therefore, the Court being fully advised in the premises,

**IT IS HEREBY ORDERED** that Defendant's Objection [97] is **OVERRULED**.

**SO ORDERED**.

                                            s/Arthur J. Tarnow
                                            ARTHUR J. TARNOW
                                            SENIOR UNITED STATES DISTRICT JUDGE

Dated: March 2, 2012