UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER ARMSTRONG,

    Plaintiff/Counter Defendant,         Case No.  11-11921

v.                                                SENIOR UNITED STATES
                                                DISTRICT JUDGE
ANDREW SHIRVELL,                        ARTHUR J. TARNOW

    Defendant/Counter Claimant.

_____/

## ORDER OVERRULING DEFENDANT'S OBJECTION [90] TO THE MAGISTRATE JUDGE'S ORDER [83]

Before the Court is Defendant's Objection [90] to the Magistrate Judge's Order [83] Denying Defendant's Emergency Motion to Disqualify Counsel [58].

On November 17, 2011 Defendant filed an Emergency Motion to Disqualify Counsel [58]. Plaintiff filed an Objection [59].[1] Plaintiff filed a Response [65] to the motion to compel. Defendant filed a Reply [70]. On January 3, 2012, the Magistrate Judge issued an Order [83] Denying Defendant's Motion to Disqualify Counsel. Defendant filed an Objection [90]. Plaintiff filed a Response [101].[2] Defendant filed a Reply [105].

---

[1] Plaintiff objected to Defendant's request that the motion be decided on an emergency basis.

[2] Plaintiff argues that Defendant lacks standing to bring the present motion.  The Court disagrees.

1

# I. DEFENDANT'S OBJECTIONS

Defendant raises two objections to Order [83]. First, Defendant argues that the Magistrate Judge's finding that there was no clear showing of misconduct by Plaintiff's counsel was clearly erroneous and contrary to law. Second, Defendant objects to the Magistrate Judge's finding that Plaintiff counsel's representation would not prejudice her client.

# II. STANDARD OF REVIEW

The standard of review set forth in Federal Rule of Civil Procedure 72(a) governs this nondispositive matter. Fed. R. Civ. P. 72(a). Pursuant to that rule, "The district judge in the case must consider timely objections and modify or set aside any part of the [Magistrate Judge's] order that is clearly erroneous or is contrary to law." *Id.*

Under 28 U.S.C. § 636(b)(1), a magistrate judge's orders shall not be disturbed unless "found to be clearly erroneous or contrary to law." *See United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). The "clearly erroneous" standard requires the Court to affirm the Magistrate's decision unless, after reviewing the entirety of the evidence, it "is left with the definite and firm conviction that a mistake has been committed." *See Sandles v. U.S. Marshal's Serv.*, 2007 WL 4374077, 1 (E.D. Mich. 2007) (citing *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

# III. ANALYSIS

Defendant alleges that Plaintiff's counsel engaged in misconduct and that the alleged misconduct has created a conflict of interest which would require her disqualification under the Michigan Rules of Professional Conduct—specifically Rule 1.7(b).

2

Legal Framework

Michigan Rule of Professional Conduct § 1.7(b) provides that:

A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests, unless:

1. The lawyer reasonably believes the representation will not be adversely affected; and

2. The client consents after the consultation. When representation of multiple clients in a single matter is undertaken, the consultation shall include explanation of the implications of the common representation and the advantages and risks involved.

Mich. R. Prof'l Conduct § 1.7(b). "Loyalty to a client is . . . impaired when a lawyer cannot consider, recommend, or carry out an appropriate course of action for the client because of the lawyer's other responsibilities or interests. The conflict in effect forecloses alternatives that would otherwise be available to the client." *Id.* at cmt.

"A court should only disqualify an attorney 'when there is a reasonable possibility that some specifically identifiable impropriety actually occurred.'" *Moses v. Sterling Commerce (Am.), Inc.*, 122 F. App'x 177, 183-84 (6th Cir. 2005) (quoting *United States v. Kitchin*, 592 F.2d 900, 903 (5th Cir. 1979)). Courts are cautious in reviewing motions to disqualify counsel as "'the ability to deny one's opponent services of capable counsel is a potent weapon' . . . that can be used as a technique of harassment." *Id.* (internal citation omitted); *see also Smith v. Arc-Mation, Inc.*, 261 N.W.2d 713, 715-16 (Mich. 1978).

*Alleged Misconduct*

Defendant argues that the Magistrate Judge erred by finding that Defendant has not made a clear showing of misconduct. The Court finds that the Magistrate Judge did not err in that

3

determination.

Defendant argues that the misconduct amounts to Plaintiff's counsel allegedly lying to the media in order to preserve her image and allegedly failing to report potentially criminal information regarding Michigan Attorney General Investigator Michael Ondejko to the authorities. Defendant then attempts to connect many dots to suggest that Plaintiff's counsel is on a personal crusade against Defendant and that this personal crusade creates a conflict of interest between Plaintiff and his counsel.

The Court need not determine or investigate whether Defendant's allegations are true. Even if the Court were to accept Defendant's allegations as true, Defendant has failed to make a clear showing of professional misconduct under Rule 1.7(b)—the rule upon which Defendant brings this claim. Defendant does not provide any explanation of how Plaintiff's counsel's alleged misconduct adversely affects her client to create a conflict of interest. Defendant does not cite a single case where an attorney was disqualified for similar behavior to provide support for his position.

Defendant has not shown that the Magistrate Judge's decision was clearly erroneous or contrary to law. Defendant's objection is, therefore, overruled.

*Prejudice to Plaintiff*

Defendant argues that Plaintiff will be prejudiced by his counsel's representation and that he may not consent to the alleged conflict of interest. Defendant argues that the alleged conflict of interest is not waiveable under Mich. R. Prof'l Conduct § 1.7(b) because Plaintiff's counsel cannot reasonably believe that her representation will not be adversely affected. Plaintiff's

4

counsel has indicated that her client is fully aware of Defendant's allegations in relation to Ondejko and has consented to any alleged conflict of interest. Pl.'s Resp. [101], at 2.

Considering Plaintiff's failure to meet his initial burden in demonstrating a cognizable conflict of interest under Michigan Rule of Professional Conduct § 1.7(b), there is no basis on which Defendant can prevail with his second objection. Defendant's second objection is, therefore, overruled.

## IV. <u>CONCLUSION</u>

The Court, having reviewed the entire record in this case, finds that the Magistrate Judge's Order was not clearly erroneous or contrary to law.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Objection [90] is **OVERRULED**.

**SO ORDERED**.

<u>s/Arthur J. Tarnow</u>
ARTHUR J. TARNOW
SENIOR UNITED STATES
DISTRICT JUDGE

Dated: April 13, 2012