UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER ARMSTRONG

                Plaintiff,

CASE NO. 2:11-CV-11921
JUDGE ARTHUR J. TARNOW
MAGISTRATE JUDGE PAUL J. KOMIVES

v.

ANDREW SHIRVELL,

                Defendant,
_____/

### ORDER DENYING DEFENDANT SHIRVELL'S DECEMBER 8, 2011 MOTION FOR SANCTIONS AGAINST PLAINTIFF ARMSTRONG (Doc. Ent. 69)

**A.**     **Related Lawsuits**

**1.**     *Armstrong v. Shirvell* **(2:11-cv-11921-AJT-PJK)**

On May 2, 2011, Armstrong's case against Shirvell was removed from Washtenaw County Circuit Court to this Court. Armstrong's claims against Shirvell include (I) defamation; (II) intentional infliction of emotional distress; (III) invasion of privacy: false light; (IV) abuse of process; (V) invasion of privacy: intrusion upon seclusion, solitude or private affairs; and (VI) stalking, Mich. Comp. Laws § 600.2954. Doc. Ent. 1.

On May 6, 2011, Shirvell filed a combined motion to dismiss and motion to strike (Doc. Ent. 2), which included the counterclaims of (I) tortious interference with a business relationship; (II) defamation; and (III) invasion of privacy: false light (Doc. Ent. 2 at 14-21).[1]

---

[1] On September 21, 2011, Judge Tarnow entered a stipulated order (Doc. Ent. 35) striking Paragraph 61 (Background Fact) of Armstrong's complaint. On October 13, 2011, Judge Tarnow entered an order (Doc. Ent. 39) denying Shirvell's combined motion to dismiss and motion to strike (Doc. Ent. 2).

On January 3, 2012, Shirvell filed a first amended counter-complaint (Doc. Ent. 84), setting forth counterclaims of (I) tortious interference with a business relationship; (II) defamation; and (III) invasion of privacy: false light.

On April 17, 2011, Judge Tarnow entered an order (Doc. Ent. 137) granting Armstrong's motion for summary judgment (Doc. Ent. 110), which concerned Shirvell's counterclaims (Doc. Ent. 84); granting in part and denying in part Shirvell's motion for summary judgment (Doc. Ent. 111), which concerned Armstrong's six claims (Doc. Ent. 1); and dismissing Armstrong's abuse of process claim (Count IV).  Specifically, Judge Tarnow's order dismissed Armstrong's claim of abuse of process as a result of a stipulation on the record and granted Shirvell's motion for summary judgment as to the claim of invasion of privacy: intrusion upon seclusion, solitude or private affairs (Count V).[2]

*Therefore, the remaining claims in this case are Armstrong's claims of defamation (Count I); intentional infliction of emotional distress (Count II); invasion of privacy: false light (Count III); and stalking, Mich. Comp. Laws § 600.2954 (Count VI).*

On April 19, 2012, Judge Tarnow held a status conference and set the jury trial for August 6, 2012.

**2.**   ***Shirvell v. Gordon* (2:11-cv-14781-AJT-PJK)**

On October 28, 2011, Shirvell filed a case against attorney Deborah Gordon, counsel for plaintiff Armstrong in the aforementioned case.  Doc. Ent. 1.  On December 27, 2011, Shirvell filed a first amended complaint setting forth claims of (I) tortious interference with a business

---

[2]On April 16, 2012, Armstrong filed both a motion to allow typographical corrections (Doc. Ent. 134) and a corrected motion for summary judgment (Doc. Ent. 135).  These motions were granted by a text only order docketed on April 19, 2012.

relationship, (II) defamation and (III) invasion of privacy: false light.  Doc. Ent. 8.

On April 17, 2012, Judge Tarnow entered an order (Doc. Ent. 24) granting Gordon's motion to dismiss (Doc. Ent. 6), whereby Gordon had requested dismissal of plaintiff's tortious interference claim (Count I) but not of the defamation or invasion of privacy (false light) claims.

*Therefore, the only remaining claims in this case are Shirvell's claims of defamation (Count II) and invasion of privacy:  false light (Count III) against Gordon.*

On April 19, 2012, Judge Tarnow conducted a status conference and entered a scheduling order (Doc. Ent. 25).  On May 1, 2012, defendant Gordon filed an answer to the first amended complaint and affirmative defenses (Doc. Ent. 26).

**B.     Pending Motions in *Armstrong v. Shirvell* (11-11921)**

There are three (3) pending motions in this case, each of which is related to or stems from Shirvell's September 30, 2011 motion to compel (Doc. Ent. 36):

**1.     On December 8, 2011, Shirvell filed a motion for sanctions against Armstrong and his counsel, Deborah L. Gordon, PLC (Doc. Ent. 69).**  Therein, Shirvell asserts, "On September 30, 2011, Defendant Shirvell filed a motion [Doc. Ent. 36] to compel discovery regarding a substantial amount of relevant information that Plaintiff Armstrong has refused to provide to Defendant Shirvell. [Therein,] Defendant Shirvell argued that the documents requested under Request Numbers 8 and 28 [we]re relevant, in that they m[ight] contain information verifying the allegations made within Defendant Shirvell's Counter-Complaint [Doc. Ent. 2 at 14-21]."  Doc. Ent. 69 at 2 ¶ 5, Doc. Ent. 69 at 9.  Shirvell argued that "This Court Should Impose Sanctions On Plaintiff Armstrong And His Current Counsel, Deborah L.

3

Gordon, PLC, Under Rule 26(g)(3) For Failure To Turn-Over Damaging Documents Showing That Gordon Had Contacts With Attorney General Investigator Michael Ondejko Regarding His Internal Investigation Into Defendant Shirvell[.]" Doc. Ent. 69 at 6, 12-21.[3]

This motion was referred to me for hearing and determination (Doc. Ent. 72), a response was filed (Doc. Ent. 82), a reply was filed (Doc. Ent. 85)[4] and a hearing was noticed for January 25, 2012 (Doc. Ent. 86). On that date, I took the motion under advisement.

**2.** On January 12, 2012, I entered an order (Doc. Ent. 88) granting in part and denying in part Shirvell's September 30, 2011 motion to compel (Doc. Ent. 36).

On January 26, 2012, Armstrong filed an appeal (Doc. Ent. 95) of my decision and Shirvell filed an objection (Doc. Ent. 97).

**On February 17, 2012, Armstrong filed a motion for further review (Doc. Ent. 108), attached to which is Shirvell's January 19, 2012 partially-amended first requests for production of documents to Armstrong (Doc. Ent. 108-1).**

On March 2, 2012, Judge Tarnow entered an order (Doc. Ent. 112) sustaining plaintiff's objection (Doc. Ent. 95) to the magistrate judge's order (Doc. Ent. 88) and denying defendant's

---

[3]Attached to this motion are what Shirvell describes as damaging documents that Plaintiff Armstrong and his counsel, Deborah Gordon, deliberately failed to turn-over to Defendant Shirvell (Doc. Ent. 69-2), relevant excerpts from Michael Ondejko's internal Attorney General investigatory report (Doc. Ent. 69-3), excerpts from Michael Ondejko's November 23, 2011 Deposition (Doc. Ent. 69-4), excerpts from Michael Ondejko's testimony at Defendant Shirvell's October 19, 2011 third-step Michigan Civil Service grievance hearing (Doc. Ent. 69-5), and "Journalism school head hasn't resigned. Asked to step down, professor in talks with MSU about role," by Kathryn Prater, Lansing State Journal, published July 8, 2009 (Doc. Ent. 69-6). *See* Doc. Ent. 69-1.

[4]Attached to Shirvell's reply is what Shirvell labels Armstrong's December 1, 2010 undisclosed FOIA request concerning Ryan Secord (Doc. Ent. 85-1).

motion to compel (Doc. Ent. 36). The order specifically addressed defendant's Request to Admit Number 2 and Interrogatories Numbers 1 and 3 served on July 14, 2011 (Doc. Ent. 36-3), regarding which plaintiff responded on August 15, 2011 (Doc. Ent. 36-4)

On March 2, 2012, Judge Tarnow entered an order (Doc. Ent. 113) overruling Shirvell's objection (Doc. Ent. 97) to the Magistrate Judge's order (Doc. Ent. 88). The order specifically addressed Shirvell's September 30, 2011 request for discovery sanctions (Doc. Ent. 36) and Shirvell's July 14, 2011 Request for Production Number 18 (Doc. Ent. 36-6).

On March 5, 2012, Shirvell filed a response (Doc. Ent. 114) to Armstrong's motion for further review (Doc. Ent. 108).

**Two days later, on March 7, 2012, Shirvell filed a motion (Doc. Ent. 115) to overrule Armstrong's objections to Shirvell's second interrogatories, among the attachments to which are Shirvell's January 19, 2012 second interrogatories (Nos. 11-20) to Armstrong (Doc. Ent. 115-2) and Armstrong's February 22, 2012 responses to Shrivell's second interrogatories (Doc. Ent. 115-3).**

On March 27, 2012, Armstrong filed a response (Doc. Ent. 126) to Shirvell's motion (Doc. Ent. 115).

*Although these motions (#108, #115) have not been expressly referred to me, I will consider them on the basis that each is related to my January 12, 2012 order (Doc. Ent. 88). A hearing has been noticed several times (Doc. Entries 121, 123, 127), the latest of which was a notice to hear #115 on April 19, 2012 (Doc. Ent. 136). However, on the date set for hearing, the parties were informed that I would decide this matter on the papers.*

**C.     Shirvell's December 8, 2011 motion for sanctions against Armstrong (Doc. Ent. 69)**

As noted above, the remaining claims in this case are Armstrong's claims of (Count I) defamation; (Count II) intentional infliction of emotional distress; (Count III) invasion of privacy: false light; and (Count VI) stalking, Mich. Comp. Laws § 600.2954.

At issue in the instant motion are two requests to produce.  Shirvell's request to produce No. 8, served on July 14, 2011, sought "[a]ny item *you* have ever submitted to or received from any law enforcement agency or entity, including the Michigan Attorney General's office, *regarding* [Shirvell]."  Doc. Ent. 36-6 at 7 (emphasis in original).  Shirvell's request to produce No. 28, served on July 18, 2011, sought "[a] complete copy of all *documents* that *you* have obtained as a result of a Freedom of Information Act request *regarding* [Shirvell] during *your* lifetime."  Doc. Ent. 69 at 8; *see also* Doc. Ent. 82 at 6.

Armstrong served written responses to Requests to Produce Nos. 8 and 28 on August 24, 2011.  Doc. Ent. 36-7, Doc. Ent. 69 at 8.  Armstrong's amended answers to Requests to Produce Nos. 8 and 28 are dated November 21, 2011.  As to Request to Produce Nos. 8 and 28, Armstrong's amended responses state, in part:

> **No. 8:** . . . Without waiving this objection, Plaintiff has approximately 329 pages of documentation, excluding the Michigan Attorney General Investigative Report with attachments as we assume you already possess a copy. Please advise if you want us to provide you copies of this material and send a check in the amount of $82.25 for the cost of copying such documents. Additionally, if you want a CD of the 911 call you placed to the Ann Arbor police on September 5, 2010, we can provide you a copy for $25.00.
>
> **No. 28:** . . . Without waiving this objection, Plaintiff has approximately 252 pages of documents, exclusive of documents received from Freedom of Information Act requests that are responsive to your other requests. Please advise if you want us to provide you copies of this material and send a check . . . in the amount of $63.00 for the cost of copying such documents.

Doc. Ent. 69 at 10-11, Doc. Ent. 82 at 6.

**1.     Parties' arguments**

**a.**     In his December 8, 2011 motion, Shirvell argues that "[p]ursuant to Fed. R. Civ. P. 26(g)(3), this Court must impose sanctions against Plaintiff Christopher Armstrong and his current counsel, Deborah L. Gordon, PLC, for certifying that they had turned over all documents responsive to Defendant Shirvell's Request to Produce Numbers 8 and 28 when, *in fact, they purposely withheld damaging documents that were relevant to Defendant Shirvell's Counter-Complaint [Doc. Ent. 2 at 14-21] as well as germane to Defendant Shirvell's November 17, 2011 motion [Doc. Ent. 58][5] to disqualify Deborah L. Gordon, PLC, from continuing as counsel for Plaintiff Armstrong*.  The certification was interposed for an improper purpose, i.e. so . . . that the damaging documents could not be used by Defendant Shirvell in *Shirvell v. Gordon* [Case No. 2:11-cv-14781-AJT-PJK] to corroborate his allegations."  Doc. Ent. 69 at 12-13.

Specifically, Shirvell contends that Armstrong and Gordon deliberately failed to produce six (6) items:

(a)  plaintiff's counsel's November 4, 2010 FOIA request as to Ryan Secord and Andrew Shirvell to the East Lansing Police Department [Exhibit A-1];

(b)  the East Lansing Police Department's November 8, 2010 response, to which was attached information about a August 24, 2007 citation to Secord and a June 10, 2005 citation to Shirvell [Exhibit A-2];

(c)  plaintiff's counsel's December 20, 2010 FOIA request as to Ryan Secord and Andrew Shirvell - Chris Armstrong to the East Lansing Police Department [Exhibit A-3];

(d)  a December 22, 2010 response from the East Lansing Police Department

---

[5] Shirvell's November 17, 2011 emergency motion to disqualify plaintiff's counsel (Doc. Ent. 58) was denied on January 3, 2012 (Doc. Ent. 83).  Thereafter, on April 13, 2012, the Court entered an order (Doc. Ent. 133) overruling Shirvell's objection (Doc. Ent. 90) to my order (Doc. Ent. 83).

        [Exhibit A-4];

(e)    plaintiff's counsel's January 4, 2011 FOIA request as to Ryan Secord and Andrew Shirvell to the MSU Police Department [Exhibit A-5]; and

(f)    MSU's January 13, 2011 FOIA response to plaintiff's counsel [Exhibit A-6].

*See* Doc. Ent. 69 at 13, Doc. Ent. 69-1 (Exhibit List), Doc. Ent. 69-2 (Exhibit A).

**b.**    On December 27, 2011, Armstrong responded that the Court should "deny Defendant Shirvell's motion for sanctions where [Armstrong] omitted the requested documentation as Plaintiff's counsel obtained these documents in the course of a different matter and thus, such omission was substantially justified and Defendant has shown no prejudice resulting from any delay in receiving these documents and obtained them on his own[.]"  Doc. Ent. 82 at 4.  Furthermore, Armstrong contends that "costs and fees should be awarded against [Shirvell] for this game playing."  Doc. Ent. 82 at 9.

**c.**    In his January 6, 2012 reply, Shirvell argues that "Plaintiff Armstrong And His Counsel Deborah Gordon Have Not Demonstrated That Their Failure To Turn-Over Damaging Documents Was 'Substantially Justified' Where These Documents Were Clearly Obtained By Armstrong And Gordon For Use In This Action And Not In The Course Of Some Unspecified 'Different Matter'[.]"  Doc. Ent. 85 at 1-3.

**2.**    **Discussion and Conclusion**

For the following reasons, Shirvell's December 8, 2011 motion for sanctions (Doc. Ent. 69) is denied:

**First, on November 22, 2011, Shirvell received from plaintiff's counsel certain documents purportedly responsive to Request to Produce Nos. 8 and 28.**  Specifically,

Shirvell represents that "[a]pproximately a half-hour before the November 22, 2011 hearing on Defendant Shirvell's motion to compel [Doc. Ent. 36] in this litigation (*Armstrong v. Shirvell*), one of Gordon's associates hand delivered to Defendant Shirvell 1) Plaintiff's November 21, 2011 Amended Responses to Defendant's First Requests for Production of Documents, 2) Plaintiff's November 21, 2011 Amended Responses to Defendant's Second Requests for Production of Documents, and 3) approximately 581 pages worth of documents that Plaintiff Armstrong stated in his amended responses were responsive to Request to Produce Numbers 8 and 28." Doc. Ent. 69 at 4 ¶ 10, Doc. Ent. 69 at 10.

**Second, the November 22, 2011 production included the November 1, 2010 FOIA request.** By way of his January 6, 2012 reply, Shirvell states: "[i]n the documents produced by Plaintiff Armstrong to Defendant Shirvell on November 22, 2011, Plaintiff Armstrong did produce his November 1, 2010 FOIA request (as referenced in the non-disclosed December 1, 2010 FOIA request) as well as the documents he only obtained on or about January 25, 2011 as a result of that November 1st FOIA request. These documents did not contain any requests for information about Ryan Secord. . . . . However, like the documents at issue in Defendant Shirvell's motion for sanctions, the December 1, 2010 FOIA document [Doc. Ent. 85-1] explicitly concerned a request for information related to Ryan Secord." Doc. Ent. 85 at 3. Therefore, on November 22, 2011, Shirvell was in possession of at least one of the items regarding which his December 8, 2011 motion complains.

**Third, the documents at issue were publicly available.** To begin, Armstrong's August 24, 2011 responses to Request to Produce Nos. 8 and 28 mentioned FOIA and/or the public

9

availability of responsive documents. *See* Doc. Ent. 82 at 6.[6] Also, I note defendant Shirvell's December 8, 2011 statement that he "independently obtained the documents attached herein as Exhibit A via his own FOIA requests[,]" Doc. Ent. 69 at 20, as well as Shirvell's January 6, 2012 statement that he "independently obtained this document [Armstrong's December 1, 2010 FOIA request (Doc. Ent. 85-1)] via his own FOIA requests[,]" Doc. Ent. 85 at 2 n.1. The public availability of the documents in question invokes Fed. R. Civ. P. 26(b)(2), which provides the following with regard to when a limitation on the frequency and extent of discovery is required:

> On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
>
>> (I) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>>
>> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>>
>> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C). As Armstrong notes, he "specifically objected to reproducing items of this type, which are public records and just as available to Defendant as to Plaintiff." Doc.

---

[6]As to Request No. 8, Armstrong's response included the statement, "[a]s for items received, Plaintiff has obtained through the Freedom of Information of Act only publicly available information which is equally accessible to Defendant and which Plaintiff considers to be privileged as work product." As to Request No. 28, Armstrong's response included the statement, "[s]aid documents are the work product of counsel. Plaintiff has incurred significant costs in obtaining these publicly available documents, which are equally available to Defendant. Plaintiff objects to producing such publicly available materials as oppressive and harassing." Doc. Ent. 82 at 6.

Ent. 82 at 7; *see also* Doc. Ent. 82 at 6 (August 24, 2011 Responses to Requests to Produce Nos. 8 and 28). Furthermore, the Court agrees with Armstrong that "[a]cting as a copy service for a party that did not want to undertake its own search for documents is not the purpose of discovery[,]" and "this entire situation could have been avoided if Defendant would have made his own Freedom of Information Act request for these public documents from the beginning instead of utilizing Plaintiff's counsel as a copy service." Doc. Ent. 82 at 7-8, 9. Therefore, if the documents were publicly available or available through plaintiff's own independent FOIA request, it is unlikely that "Plaintiff Armstrong and Gordon tried to *hide* the existence of these documents from Defendant Shirvell." Doc. Ent. 69 at 20 (emphasis added), or that "Plaintiff Armstrong failed to disclose it to Defendant Shirvell in an attempt to *hide* counsel Gordon's contacts with Attorney General Investigator Michael Ondejko during Ondejko's internal investigation of Defendant Shirvell." Doc. Ent. 85 at 3 (emphasis added).

**Fourth, even if six (6) items at issue were responsive to Requests for Production Nos. 8 and 28,[7] Armstrong's December 27, 2011 response (Doc. Ent. 82) substantially justifies the non-production.** To be sure, Shirvell contends in his January 6, 2012 reply that Armstrong and his counsel, attorney Gordon, "have not demonstrated that their failure to turn-over

---

[7]In his motion, plaintiff asserted: "[p]laintiff Armstrong and his counsel Deborah Gordon should have turned-over all of these documents to Defendant Shirvell in response to Defendant Shirvell's Requests to Produce No. 8 and No. 28 back in August, 2011 - let alone on November 22, 2011. Instead, Plaintiff Armstrong and Gordon violated Fed. R. Civ. P. 26(g) by stating that they had turned-over all responsive documents in their possession when they clearly had not." Doc. Ent. 69 at 20. Furthermore, in his reply, Shirvell contends that "This FOIA request, dated December 1, 2010, was made to the Attorney General's office and should have been disclosed to Defendant Shirvell in response to Request to Produce No. 8, which unambiguously requests any items that Plaintiff Armstrong has received from, or submitted to, any law enforcement entities regarding Defendant Shirvell." Doc. Ent. 85 at 2-3.

damaging documents was 'substantially justified' where these documents were clearly obtained by Armstrong and Gordon for use in this action and not in the course of some unspecified 'different matter'[.]" Doc. Ent. 85 at 1-3. Furthermore, Shirvell asserted that "Plaintiff Armstrong and Gordon repeatedly violated Fed. R. Civ. P. 26(g) by stating that they had turned-over all responsive documents in their possession when they clearly had not. As such, Plaintiff Armstrong and his attorney, Gordon, should be sanctioned pursuant to Rule 26(g)(3)." Doc. Ent. 85 at 3. Fed. R. Civ. P. 26(g)(1) explains that the certification made by an attorney or party's signature concerns a "reasonable inquiry[.]" Here, Armstrong has explained: "Plaintiff's counsel made a reasonable inquiry as to the completeness and factual basis of Plaintiff's responses to Defendant's discovery requests. Plaintiff and his counsel searched thoroughly all documents within Plaintiff's possession and housed at his counsel's office. The documents at issue were/are not in the possession of Plaintiff nor are they contained within his file, which was the only file searched for responsive documents." Doc. Ent. 82 at 8. Furthermore, Fed. R. Civ. P. 26(g)(3) (Sanction for Improper Certification.) provides: "If a certification violates this rule without substantial justification, the court, on motion or on its own, must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both. The sanction may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation." Here, Armstrong has explained that his omission was substantially justified: "Plaintiff omitted the above documents because Plaintiff's counsel did not obtain these documents in the course of pursuing this matter but instead obtained them in the course of a different representation. These documents are housed in a different location than those for this litigation and were not obtained by Plaintiff. There was absolutely no bad faith here or intention

12

to deny Defendant anything." Doc. Ent. 82 at 4, 7.  To be sure, it is Shirvell's position that "the documents at issue were absolutely obtained by Plaintiff Armstrong and his agent, attorney Deborah Gordon, for use in this litigation[,]" and that Armstrong has "acted in bad faith in not producing the documents at issue[.]"  Doc. Ent. 85 at 2.  However, even if Shirvell is correct that these documents were obtained for use in the case at bar and were intentionally withheld, these claims still do not overcome the fact that these documents were publicly available.  The same would be true with respect to Shirvell's claims that (a) Armstrong and his counsel purposely withheld documents relevant to Shirvell's Counter-Complaint (Doc. Ent. 2 at 14-21) and germane to Shirvell's November 17, 2011 emergency motion to disqualify plaintiff's counsel (Doc. Ent. 58) and that (b) the certification was interposed so that Shirvell could not use the documents to corroborate his allegations in *Shirvell v. Gordon* (2:11-cv-14781-AJT-PJK).  Doc. Ent. 69 at 12-13.  As to these claims, I note Armstrong's statement that "these [were not] items about which Defendant lacked prior knowledge.  These are documents that he knew existed, as they involve him.  He cannot claim undue prejudice."  Doc. Ent. 82 at 8.

**Fifth, plaintiff is not entitled to expenses or sanctions pursuant to Fed. R. Civ. P. 37(a)(5) or Fed. R. Civ. P. 37(b)(2).**  With respect to Fed. R. Civ. P. 37 expenses, my January 12, 2012 order (Doc. Ent. 88) granted in part and denied in part defendant Shirvell's September 30, 2011 motion to compel (Doc. Ent. 36).  For example, plaintiff was required to respond to Request to Admit No. 2 and Shirvell prevailed "with respect to Interrogatory Nos. 1 and 3[,]" and Armstrong was required to "respond to Interrogatory Nos. 1 and 3."  Doc. Ent. 88 at 11-12, 13.  Not only did my January 12, 2012 order deny Shirvell's September 30, 2011 request for sanctions, *see* Doc. Ent. 36 at 25-26, Doc. Ent. 88 at 20 (citing Fed. R. Civ. P. 37(a)(5)), but also

13

Judge Tarnow later entered his March 2, 2012 order (Doc. Ent. 112) denying Shirvell's motion to compel (Doc. Ent. 36).[8] With respect to Fed. R. Civ. P. 37 sanctions, although Request to Produce Nos. 8 and 28 were the subject of Shirvell's September 30, 2011 motion to compel (Doc. Ent. 36 at 21), my January 12, 2012 order acknowledged that plaintiff's motion was resolved by the parties with respect to Request to Produce Nos. 8 and 28 (Doc. Ent. 88 at 8). Therefore, sanctions pursuant to Fed. R. Civ. P. 37(b) ("Failure to Comply with a Court Order."), on the basis that Armstrong did not comply with my January 12, 2012 order (Doc. Ent. 88) with respect to Request to Produce Nos. 8 and 28, are not appropriate.

**Sixth, the circumstances at bar are distinguishable from the circumstances which supported my January 12, 2012 order (Doc. Ent. 87) granting in part Armstrong's October 31, 2011 motion for sanctions (Doc. Ent. 48).** Therein, I noted that "most of [Shirvell's] October 31, 2011 objections are an attempt to relitigate a matter which the Court ruled upon in its September 15, 2011 order (Doc. Ent. 34)."[9] Doc. Ent. 87 at 10.[10]

For these reasons, Shirvell's December 8, 2011 request for the imposition of sanctions

---

[8]As noted above, an appeal (Doc. Ent. 95) and an objection (Doc. Ent. 97) were filed regarding my January 12, 2012 order (Doc. Ent. 88). And, on March 2, 2012, Judge Tarnow entered an order sustaining plaintiff's objection (Doc. Ent. 95) to my order (Doc. Ent. 88) and denying defendant's motion to compel (Doc. Ent. 36). Doc. Ent. 112. That same day, Judge Tarnow entered another order overruling defendant's objection (Doc. Ent. 97) to my order (Doc. Ent. 88). Doc. Ent. 113.

[9]My September 15, 2011 order (Doc. Ent. 34) granted Armstrong's August 2, 2011 motion to compel discovery (Doc. Ent. 27).

[10]Shirvell filed an objection on January 26, 2012 (Doc. Ent. 96), to which Armstrong responded on February 13, 2012 (Doc. Ent. 106), and the objection is pending before Judge Tarnow. For this reason, I have yet to file an order responding to plaintiff's counsel's two-page January 19, 2012 letter, to which Shirvell responded with a two-page January 26, 2012 letter.

against Armstrong and his counsel is denied. Doc. Ent. 69 at 5 ¶ 13, Doc. Ent. 69 at 21.[9]

**D.     Order**

Accordingly, defendant Shirvell's December 8, 2011 motion for sanctions against plaintiff Armstrong (Doc. Ent. 69) is DENIED.

Decisions on Armstrong's February 17, 2012 motion for further review (Doc. Ent. 108) and Shirvell's March 7, 2012 motion (Doc. Ent. 115) to overrule Armstrong's objections to Shirvell's second interrogatories will issue under separate cover.

**IT IS SO ORDERED.**

The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of service of a copy of this order within which to file an objection for consideration by the district judge under 28 U.S.C. § 636(b)(1).


Dated: May 10, 2012         s/Paul J. Komives
                            PAUL J. KOMIVES
                            UNITED STATES MAGISTRATE JUDGE


I hereby certify that a copy of the foregoing document was sent to parties of record on May 10, 2012 electronically and/or U.S. mail.

                            s/Michael Williams
                            Relief Case Manager for the Honorable
                            Paul J. Komives

---

[9] "Defendant Shirvell requests that the following sanctions be imposed on Plaintiff Armstrong and his current counsel, Deborah L. Gordon, PLC. First, Defendant Shirvell should be able to tell the jury at trial about Plaintiff Armstrong's purposeful failure to turn-over the above documents. Second, Defendant Shirvell requests that the Court award Defendant Shirvell punitive damages in an amount to be determined." Doc. Ent. 6 at 5 ¶ 13.