UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER ARMSTRONG

          CASE NO. 2:11-CV-11921
    Plaintiff,    JUDGE ARTHUR J. TARNOW
          MAGISTRATE JUDGE PAUL J. KOMIVES

v.

ANDREW SHIRVELL,

    Defendant,
                             /

## ORDER GRANTING IN PART PLAINTIFF ARMSTRONG'S FEBRUARY 17, 2012 MOTION FOR FURTHER REVIEW (Doc. Ent. 108)

**A.    My January 12, 2012 order**

On September 30, 2011, defendant Shirvell filed a motion to compel (Doc. Ent. 36) regarding certain July 14, 2011 discovery requests (Doc. Ent. 36-3, Doc. Ent. 36-6). By my January 12, 2012 order (Doc. Ent. 88), defendant Shirvell's motion was granted in part and denied in part.

Among other provisions, my January 12, 2012 order permitted defendant Shirvell to serve certain amended requests. For example, with respect to Request for Production of Documents No. 4 concerning communications (Doc. Ent. 88 at 13-16), I provided that "defendant may serve an amended request which is appropriately limited in scope." Doc. Ent. 88 at 16. In so doing, I noted defendant Shirvell's willingness "to limit the scope of this request to the period from 2007 ([Armstrong]'s enrollment at the University of Michigan) to the filing of the instant complaint (April 1, 2011)." Doc. Ent. 88 at 15.

With respect to Request for Production of Documents No. 5 (Doc. Ent. 88 at 16-17),

1

which also concerned communications, I provided that "defendant may serve an amended request for production of documents, taking into account the discussion on the record (i.e., limiting the time period - for example, from the beginning of the blog (April 2010) to the filing of the instant complaint (April 2011) and limiting the individuals listed - for example, sampling five (5) to ten (10) names, etc.)." Doc. Ent. 88 at 17.

Additionally, with regard to plaintiff's August 25, 2011 deposition, I provided that "defendant Shirvell may propound a set of no more than ten (10) interrogatories regarding the August 25, 2011 deposition inquiries he claims were not answered or regarding which plaintiff's counsel instructed plaintiff not to answer." Doc. Ent. 88 at 19.

On January 26, 2012, Armstrong filed an appeal (Doc. Ent. 95) and Shirvell filed an objection (Doc. Ent. 97) regarding my January 12, 2012 decision (Doc. Ent. 88). On March 2, 2012, Judge Tarnow entered an order (Doc. Ent. 112) sustaining plaintiff's objection (Doc. Ent. 95)[1] to my order (Doc. Ent. 88) and denying defendant Armstrong's September 30, 2011 motion to compel (Doc. Ent. 36). That same day, Judge Tarnow entered another order (Doc. Ent. 113) overruling defendant's objection (Doc. Ent. 97)[2] to my order (Doc. Ent. 88).

**B.     Plaintiff Armstrong's February 17, 2012 motion for further review**

Plaintiff Armstrong's February 17, 2012 motion for further review (Doc. Ent. 108) boils down to the propriety of Shirvell's January 19, 2012 partially-amended first requests for

---

[1]Armstrong's January 26, 2012 objections to my order concerned its requirement that Armstrong "answer Request to Admit 2 and Interrogatories 1 and 3." Doc. Ent. 95 at 12.

[2]Shirvell's January 26, 2012 objection to my order concerned its ruling on sanctions (Doc. Ent. 97 at 7-9) and Request to Produce No. 18, regarding e-mail archives on Order of Angell (Doc. Ent. 97 at 9-11).

2

production of documents to Armstrong (Doc. Ent. 108-1). There were two such requests:

**Shirvell's January 19, 2012 Amended Request No. 4** seeks "[a] complete copy of all e-mail *communications* between *you* and the following individuals, from August 2007 through April 1, 2011: Ron Ketelhut, John Oltean, Jason Raymond, Kolby Roberts. Such e-mail communications include those stored in *your* self-described "e-mail archives." All e-mail communications must be turned-over to [defendant Shirvell] in their original, unaltered form."

**Armstrong's February 22, 2012 response:** "Plaintiff objects to this Request as overbroad and beyond the scope of discovery in that it includes absolutely no limitations as to subject matters contemplated by the claims and defenses in this case. Plaintiff further objects to this Request as oppressive and burdensome." After citing portions of the Court's January 12, 2012 order (Doc. Ent. 88), Armstrong asserted that "[t]he amended Request 4 is not appropriately limited, although it does limit the number of individuals and the time frame. The subject matter remains overbroad and is not tailored to areas relevant. In [its] Order, the Court [refers] to plaintiff's agreement to produce emails relevant to the defense of claims set forth in Paragraphs 25, 32, 33, 35 and 64 of the . . . Complaint. Based on the forgoing, plaintiff will produce all emails for the individuals and dates requested [relevant] to Paragraphs 25, 32, 33, 35 and 64: 25-none; 32-none; 33-none; 35-Plaintiff has never 'engaged [in a] [clandestine] sexual relationship with another member of the [']MSA'. However, Plaintiff is producing emails of a personal or quasi personal nature."[3]

**Shirvell's January 19, 2012 Amended Request No. 5** seeks, "[a] complete copy of all *communications* between *you* and the following individuals, from April 1, 2010 through April 1, 2011, *regarding* [defendant Shirvell] and "Chris Armstrong Watch" - whether it be on Facebook, in a blog, via e-mail, text message, voicemail, letter, facsimile, or anywhere else: Alex Serwer, Brad Bergeron, Howard Bragman, Mical DeGraaff, Mike Ondejko, Ross Jones, Steve Armstrong, Anika Awai-Williams, Evan Nichols, Kyle Summers, Michael Dunleavy. E-mail communications include those stored in *your* self-described "e-mail archives." All e-mail communications must be turned-over to [defendant Shrivell] in their original, unaltered form."

**Armstrong's February 22, 2012 response:** Plaintiff objects to this Request as oppressive and burdensome as to communications between Plaintiff and his father. Plaintiff's father was counse[l]ing him with expectations of

---

[3]Paragraphs 25, 32, 33, 35 and 64 are the same five (5) paragraphs plaintiff referenced in his December 13, 2011 amended response (Doc. Ent. 73) to defendant's September 30, 2011 discovery motion (Doc. Ent. 36). Doc. Ent. 73 at 5-6; *see also* Doc. Ent. 88 at 15.

3

privacy, and these communications should be deemed protected. Plaintiff's father is a practicing attorney and Plaintiff understood his communications with his father to be private and protected form disclosure. Plaintiff will produce responsive communications with regard to the other individuals."

Doc. Ent. 108-1, Doc. Ent. 114-2 at 2-3.

**C.     Discussion**

**1.     Parties' Arguments**

Plaintiff Armstrong's February 17, 2012 motion for further review (Doc. Ent. 108) was filed after the parties' January 26, 2012 appeal and objection (Doc. Entries 95, 97) regarding my January 12, 2012 order (Doc. Ent. 88) but before Armstrong's February 22, 2012 responses (Doc. Ent. 114-2) or Judge Tarnow's March 2, 2012 orders (Doc. Entries 112, 113).

On March 5, 2012 - three (3) days after Judge Tarnow ruled upon the parties' objections, Shirvell responded to Armstrong's motion for further review, taking issue with Armstrong's February 22, 2012 responses (Doc. Ent. 114-2). Doc. Ent. 114. Specifically, Shirvell contends:

> The response was several days late. Plaintiff Armstrong did not include a privilege log,[4] as specifically requested in the definitions and instructions of Defendant Shirvell's Amended Requests to Produce. See DK #108-1, Pg Id 1752 (instruction No. 7). Plaintiff Armstrong did not produce any documents referencing Steve Armstrong. In addition, as to the documents that Plaintiff Armstrong did produce in response to Amended Requests to Produce No. 4 and No. 5, they were heavily soiled by black magic marker in an attempt to block out e-mail addresses[] – contrary to Defendant Shirvell's instructions (i.e., "All e-mail communications must be turned-over to Defendant/Counter Claimant in their original, unaltered form").

Doc. Ent. 114 ¶ 8. After setting forth several proposals (Doc. Ent. 114 ¶¶ 10-12), Shirvell asks that the Court "order Armstrong to turn-over forthwith all items responsive to Amended

---

[4] *See* Fed. R. Civ. P. 26(b)(5) ("Claiming Privilege or Protecting Trial-Preparation Materials.")

4

Requests to Produce No. 4 and No. 5." Doc. Ent. 114 at 5 ¶ 18.

Then, on April 17, 2012, Judge Tarnow entered an order (Doc. Ent. 137) granting plaintiff's February 24, 2012 motion for summary judgment (Doc. Ent. 110), granting in part and denying in part defendant's February 24, 2012 motion for summary judgment (Doc. Ent. 111), and dismissing the abuse of process claim. As a result, the remaining claims in this case are Armstrong's claims of defamation (Count I); intentional infliction of emotional distress (Count II); invasion of privacy: false light (Count III); and stalking, Mich. Comp. Laws § 600.2954 (Count VI).

On April 19, 2012, Judge Tarnow conducted a status conference and set the joint final pretrial order deadline for July 24, 2012, the final pretrial conference for July 31, 2012, and the trial for August 6, 2012.

**2.    Amended Request No. 4**

Armstrong's February 17, 2012 complaint regarding Amended Request No. 4 is that it is "not in any way limited to the events at issue or the claims or defenses in this suit. Rather, the request was for **any** communications, regardless of relevance to this suit." Doc. Ent. 108 ¶ 4 (emphasis in original). Plaintiff Armstrong "proposes to serve the discovery requested on the Court for in camera review." Doc. Ent. 108 ¶ 5. It is plaintiff Armstrong's position that "the items sought in [Amended] Request [No.] 4 contain significant personal information, including that of both Armstrong and third party witnesses[,]"[5] and "review of the documents will quickly

---

[5]For example, Armstrong contends, "the emails contain credit card numbers, AAA membership numbers, third parties' personal thoughts and feelings, information about third party family members, third party's actions, daily goings on, memberships in clubs, household matters between roommates, etc." Doc. Ent. 108 ¶ 6.

reveal that these are not actually discoverable." Doc. Ent. 108 ¶¶ 6, 7. Then, in his February 22, 2012 response, plaintiff Armstrong agreed to produce "all emails for the individuals and dates requested [relevant] to Paragraphs 25, 32, 33, 35 and 64[.]" Doc. Ent. 114-2.

To be sure, I note defendant Shirvell's March 5, 2012 complaint about the timeliness of Armstrong's February 22, 2012 responses (Doc. Ent. 114-2) to Shirvell's January 19, 2012 amended requests (Doc. Ent. 108-1); however, I decline to deny plaintiff's motion solely on this basis.

Also, I note defendant Shirvell's concerns about redaction. However, I decline to order that "obvious confidential information, such as credit card numbers," shall be blackened out "by utilizing a computer generated program, i.e. not with black magic marker." Doc. Ent. 114 ¶ 11. Nor do I find it necessary to order that Armstrong "produce all of the[] e-mails [already produced in response to Amended Request Nos. 4 and 5] in their original, unaltered form." Doc. Ent. 114 ¶ 12. At this time, the Court does not have reason to question either the propriety of plaintiff's counsel's redactions or the authenticity of redacted documents produced in response to Amended Request No. 4.[6]

Upon consideration, plaintiff Armstrong's February 17, 2012 motion for further review (Doc. Ent. 108) is granted in part to the extent it "seeks further assistance of this Court in limiting the discovery [sought by Amended Request No. 4][.]" Doc. Ent. 108 ¶ 5. Plaintiff

---

[6]Here, I note Shirvell's Exhibit 2, which includes redacted July 2010 emails (Doc. Ent. 114-3) that Shirvell cited in support of his argument with respect to Amended Request No. 5's search for plaintiff Armstrong's communications with his father, attorney Steve Armstrong. Doc. Ent. 114 ¶ 13. If this is an example of the type of redaction with which defendant Shirvell takes issue, the Court is satisfied that the redacted portions of this document were chosen to keep private plaintiff Christopher Armstrong's e-mail address.

Armstrong shall respond to Amended Request No. 4, but only to the extent the documents sought concern defendant Shirvell and "Chris Armstrong Watch."[7] In lieu of conducting an in camera review, the Court will permit plaintiff to redact personal information from responsive documents. Furthermore, mindful of defendant Shirvell's proposal that plaintiff Armstrong be required "to turn-over to Shirvell a complete list of all documents or other items that Armstrong claims are not discoverable[,]" Doc. Ent. 114 ¶ 10, plaintiff Armstrong shall produce a Rule 26(b)(5)(A) privilege log with respect to any documents responsive to Amended Request No. 4, as amended by this order, which are withheld on the basis of privilege, etc.

**3.      Amended Request No. 5**

By his February 17, 2012 motion, Armstrong argued that disclosure of his communications with his father about Shirvell would be "a significant breach of privacy for a college-aged student who turned to his father-a lawyer-for confidential counsel in dealing with a difficult legal situation. These communications were undertaken with an expectation of absolute confidentiality that this Court should not invade." Doc. Ent. 108 ¶ 9. As Armstrong's February 22, 2012 response (Doc. Ent. 114-2) explains, Steve Armstrong was counseling plaintiff Armstrong with expectations of privacy and plaintiff Armstrong understood these communications to be private and protected from disclosure.

To be sure, I note Shirvell's March 5, 2012 challenge to these assertions, such as Shirvell's representations that "nothing in the record even remotely suggests that Steve

---

[7]For whatever reason, defendant Shirvell's January 19, 2012 Amended Request No. 5 was limited to communications "*regarding* [defendant Shirvell] and "Chris Armstrong Watch[,]" while Amended Request No. 4 contained no such limitation. *See* Doc. Ent. 108-1.

Armstrong had such a relationship with Plaintiff Armstrong[,]"[8] Steve Armstrong "is not in private practice and has never been licensed to practice law in the State of Michigan[,]"[9] Steve Armstrong "is a fact witness in this case[,]"[10] Steve Armstrong "tried to gain access to Defendant Shirvell's Facebook account by posing under a fake name in late May/early June of 2010[,]"[11] and Steve Armstrong's communications with plaintiff Armstrong "are highly relevant to the claims and defenses in this matter." *See* Doc. Ent. 114 ¶¶ 13-17.

However, plaintiff Armstrong's February 17, 2012 motion (Doc. Ent. 108) is granted to the extent it asks the Court "to limit [Amended Request No. 5] to exclude these confidential communications between Armstrong and his father." Doc. Ent. 108 ¶ 10. I conclude that an attorney-client relationship existed between plaintiff Armstrong and his father as to their

---

[8]Among Shirvell's support for this statement is an apparent October 25, 2010 motion and order to dismiss action for a personal protection order, entered by Judge Nancy C. Francis of Washtenaw County Trial Court, regarding which plaintiff Armstrong was represented by U. Ashwin Patel (P46365) of the University of Michigan Student Legal Services. Doc. Ent. 114-4; Doc. Ent. 114-1 (Exhibit List). Also, Shirvell attaches a copy of Steve Armstrong's Facebook post to "We Support Chris Armstrong," allegedly from October 29, 2010, which states in part, "We have issued a press release today from the law offices of Deborah L. Gordon of [Bloomfield] Hills." Doc. Ent. 114-5, Doc. Ent. 114-1 (Exhibit List).

[9]*See* Steven Holm Armstrong's Lawyer Profile on Martindale.com (Doc. Ent. 114-6).

[10]Steve Armstrong is listed on Shirvell's July 11, 2011 witness list (Doc. Ent. 24 ¶ 33), plaintiff's March 8, 2012 first amended witness list (Doc. Ent. 116 ¶ 54), plaintiff's April 23, 2012 amended witness list (Doc. Ent. 138 ¶ 55), and defendant's May 7, 2012 first amended witness list (Doc. Ent. 139 ¶ 41).
Of course, the presence of Steve Armstrong's name on these lists would likely have made him subject to a deposition. *See* Fed. R. Civ. P. 30(a) ("When a Deposition May Be Taken."), Fed. R. Civ. P. 26(b) ("Discovery Scope and Limits.").

[11]Here, Shirvell cites a June 3, 2010 "Chris Armstrong Watch" blog entry (Doc. Ent. 111-2 pp. 31-34) and the transcript of Christopher Harrison Armstrong's August 25, 2011 deposition, wherein plaintiff Armstrong is questioned about his father's creation of a fake Facebook profile named "Marcus Toka Shirvell" (Doc. Ent. 114-7).

8

communications from April 1, 2010 through April 1, 2011 regarding Shirvell and "Chris Armstrong Watch." Plaintiff Armstrong was seeking his father's legal advice and he need not file a further response to Amended Request No. 5.[12]

**D.    Order**

Accordingly, plaintiff Armstrong's February 17, 2012 motion for further review (Doc. Ent. 108) is GRANTED IN PART. Specifically, within thirty (30) days of the date of this order, Armstrong shall respond to Shirvell's January 19, 2012 Amended Request No. 4, as amended by this order, and in accordance with the directions set forth above in Section C.2. Furthermore, Armstrong need not file a further response to Shirvell's January 19, 2012 Amended Request No. 5.

IT IS SO ORDERED.

The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).

Dated: May 10, 2012         s/Paul J. Komives
                            PAUL J. KOMIVES
                            UNITED STATES MAGISTRATE JUDGE

---

[12]The record also contains evidence of Steve Armstrong's September 2011 donation of over $100,000 worth of IBM stock for the "Chris Armstrong Scholarship Fund" at the University of Michigan (Doc. Ent. 115-6). Shirvell cites this document in support of his March 7, 2012 request that "the Court to overrule Plaintiff Armstrong's meritless objection to Interrogatory No. 19." *See* Doc. Ent. 115 ¶ 23.
  The Court will address this request in its determination of Shirvell's March 7, 2012 motion (Doc. Ent. 115) to overrule plaintiff's February 22, 2012 objections (Doc. Ent. 115-3) to Shirvell's January 19, 2012 second interrogatories (Doc. Ent. 115-2).

I hereby certify that a copy of the foregoing document was sent to parties of record on May 10, 2012 electronically and/or by ordinary means.

                                                s/Michael Williams
                                                Relief Case Manager to the
                                                Honorable Paul J. Komives