UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER ARMSTRONG

                Plaintiff,

v.

ANDREW SHIRVELL,

                Defendant,

_____/

CASE NO. 2:11-CV-11921
JUDGE ARTHUR J. TARNOW
MAGISTRATE JUDGE PAUL J. KOMIVES

**ORDER DIRECTING DEFENDANT SHIRVELL TO FILE A SUPPLEMENTAL BRIEF REGARDING HIS MARCH 7, 2012 MOTION (Doc. Ent. 115) TO OVERRULE PLAINTIFF'S OBJECTIONS TO SHIRVELL'S SECOND INTERROGATORIES**

The Court is in the process of reviewing defendant Shirvell's March 7, 2012 motion (Doc. Ent. 115), which boils down to the propriety of **(a)** Shirvell's January 19, 2012 second interrogatories (Nos. 11-14, 16-20) to Armstrong (Doc. Ent. 115-2) and **(b)** Armstrong's February 22, 2012 responses to Shirvell's second interrogatories (Doc. Ent. 115-3).[1]

The scope of this case has since been narrowed by Judge Tarnow's April 17, 2012 order (Doc. Ent. 137) granting plaintiff's February 24, 2012 motion for summary judgment (Doc. Ent. 110), granting in part and denying in part defendant's February 24, 2012 motion for summary judgment (Doc. Ent. 111), and dismissing the abuse of process claim. *Specifically, the remaining claims in this case are Armstrong's claims of defamation (Count I); intentional infliction of emotional distress (Count II); invasion of privacy: false light (Count III); and stalking, Mich. Comp. Laws § 600.2954 (Count VI).*

As the parties are aware, Fed. R. Civ. P. 26(b)(1) provides that "[p]arties may obtain

_____

[1]Armstrong filed a response on March 27, 2012.  Doc. Ent. 126.

discovery regarding any nonprivileged matter that is relevant to any party's claim or defense-including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter.  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.  All discovery is subject to the limitations imposed by Rule 26(b)(2)(C)."

The Court's consideration of plaintiff's March 7, 2012 motion (Doc. Ent. 115) naturally includes a determination of whether Shirvell's January 19, 2012 interrogatories (Doc. Ent. 115-2) seek discovery related to "any party's claim or defense[,]" Fed. R. Civ. P. 26(b)(1), as narrowed by Judge Tarnow's April 17, 2012 order (Doc. Ent. 137).  The Court would be greatly aided in this determination if, as defendant Shirvell did with respect to Interrogatory No. 16,[2] he referenced the paragraphs of the complaint (Doc. Ent. 1), again as narrowed by Judge Tarnow's April 17, 2012 order (Doc. Ent. 137), to which the other eight (8) interrogatories (Interrogatory Nos. 11-14, 17-20) are relevant.

Therefore, within seven (7) days of the date of this order, defendant Shirvell is directed to file a supplemental brief which lists the nine (9) interrogatories at issue (Interrogatory Nos. 11-14, 16-20) and specifies the corresponding paragraphs of the complaint (Doc. Ent. 1) to which each is relevant.  Plaintiff Armstrong may file a reply to the supplemental brief within five (5) days of its receipt.

IT IS SO ORDERED.

---

[2]"Interrogatory 16 is clearly narrowly focused and relevant to ¶¶ 32-33 of Plaintiff Armstrong's Complaint."  Doc. Ent. 115 ¶ 18.

The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).


Dated: May 10, 2012                    s/Paul J. Komives
                                       PAUL J. KOMIVES
                                       UNITED STATES MAGISTRATE JUDGE


I hereby certify that a copy of this document was sent to parties of record on May 10, 2012 electronically and/or by U.S. mail.

                                       s/Michael Williams
                                       Relief Case Manager for the Honorable
                                       Paul J. Komives