UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER ARMSTRONG,

    Plaintiff/Counter Defendant,    Case No. 11-11921

v.                                SENIOR U.S. DISTRICT JUDGE
                                  ARTHUR J. TARNOW

ANDREW SHIRVELL,

    Defendant/Counter Claimant.

_____/

## ORDER OVERRULING DEFENDANT'S OBJECTION [96] TO THE MAGISTRATE JUDGE'S ORDER [87]

Before the Court is Defendant's Objection [96] to the Magistrate Judge's Order [87] granting in part Plaintiff's Motion for Sanctions [48].

On August 8, 2011, Plaintiff filed a Motion to Compel Discovery [27]. On September 15, 2011, the Magistrate Judge issued an Order [34] granting Plaintiff's Motion to Compel [27]. Defendant did not object the Magistrate Judge's Order [34]. Defendant failed to comply with the Magistrate Judge's Order [34] following its issuance.

Plaintiff filed a Motion for Sanctions [48] on October 31, 2011 based on Defendant's non-compliance. The Magistrate Judge held a hearing on Plaintiff's Motion [48] on November 30, 2011. On January 12, 2012 the Magistrate Judge issued an Order [87] Granting in Part Plaintiff's Motion for Sanctions. Defendant filed an Objection [96]. Plaintiff filed a Response [106]. Defendant did not file a Reply.

## I. DEFENDANT'S OBJECTIONS

Defendant raises three objections to Order [87]. First, Defendant argues that the Magistrate Judge's conclusion that Plaintiff was entitled to more information regarding Defendant's law school's opposition to Defendant's admission to the State Bar of Michigan was clearly erroneous and contrary to law. Second, Defendant argues that the Magistrate Judge's decision was clearly erroneous because Plaintiff filed an untimely reply. Third, Defendant objects to the order of an award of costs and attorney fees.

## II. STANDARD OF REVIEW

The standard of review set forth in Federal Rule of Civil Procedure 72(a) governs this nondispositive matter. Fed. R. Civ. P. 72(a). Pursuant to that rule, "The district judge in the case must consider timely objections and modify or set aside any part of the [Magistrate Judge's] order that is clearly erroneous or is contrary to law." *Id.*

Under 28 U.S.C. § 636(b)(1), a magistrate judge's orders shall not be disturbed unless "found to be clearly erroneous or contrary to law." *See United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). The "clearly erroneous" standard requires the Court to affirm the Magistrate's decision unless, after reviewing the entirety of the evidence, it "is left with the definite and firm conviction that a mistake has been committed." *See Sandles v. U.S. Marshal's Serv.*, 2007 WL 4374077, 1 (E.D. Mich. 2007) (citing *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

## III. ANALYSIS

*Objection #1*

Defendant objects "to the Magistrate Judge's conclusion that Plaintiff . . . is entitled to further information and 'documents related to the events leading up to and including [Shirvell's] law

2

school's decision to oppose his admission to the SBM [State Bar of Michigan], based on poor moral character and fitness." Obj. [96], at 7 (internal quotation and citation omitted). As noted above, Defendant did not object to the Magistrate Judge's Order [34] which determined the scope of discovery as to Defendant's moral character and fitness for admission to the State Bar of Michigan. Defendant's present objection to the Magistrate Judge's decision as to Plaintiff's Motion for Sanctions is essentially an attempt by Defendant to challenge the substance of Order [34]. The Court will not entertain such arguments, as they should have already been litigated and decided earlier.

Defendant spends a significant portion of the objection evaluating the substance of the discovery that is sought by Plaintiff. *See* Obj. [96], at 7-9. Defendant's characterization of the information is irrelevant to the present Motion for Sanctions and Objection. Defendant's first objection is, therefore, overruled.

*Objection #2*

Defendant also objects to "the Magistrate Judge's Order on the basis that the sanctions imposed are a result of Plaintiff Armstrong's untimely reply to Defendant Shirvell's response to Armstrong's motion for sanctions." Obj. [96], at 9. Defendant was sanctioned for failure to comply with the Court's Order [34] not because of Plaintiff's untimely reply. *See* Order [87].

Defendant argues that he was never afforded time to respond to the issues raised in Plaintiff's Reply [60], which was filed on November 18, 2011. The Court, however, disagrees. The Magistrate Judge held a hearing on the motion on December 8, 2011. Defendant had the chance to respond at the hearing. Furthermore, Defendant had the opportunity to file for leave to file a sur-reply, which he chose not to do. Defendant's second objection, therefore, is overruled.

3

*Objection #3*

Defendant's third objection is to the award of costs and attorney fees to Plaintiff. Obj. [96], at 10-11. Defendant argues that since the Magistrate Judge's Order [87] preserved Defendant's right to object that it was an abuse of discretion for the Magistrate Judge to order sanctions. *See id.* Defendant is correct that he had a right to object, but the sanctions were not awarded for objecting. The sanctions were awarded because Defendant's objections were partially disguised as an attempt to relitigate the issues decided by Order [34]. *See* Order [87], at 10-11. Therefore, the Court finds that the Magistrate Judge did not abuse his discretion by awarding sanctions. Defendant's objection is overruled.

## IV.  **CONCLUSION**

Therefore, the Court being fully advised in the premises,

**IT IS HEREBY ORDERED** that Defendant's Objection [96] is **OVERRULED**.

**SO ORDERED**.

s/Arthur J. Tarnow
ARTHUR J. TARNOW
SENIOR UNITED STATES DISTRICT JUDGE

Dated: June 13, 2012

---

## **CERTIFICATE OF SERVICE**

I hereby certify on June 13, 2012 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on June 13, 2012: **None.**

s/Michael E. Lang
Deputy Clerk to
District Judge Arthur J. Tarnow
(313) 234-5182