UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER ARMSTRONG,

     Plaintiff/Counter-Defendant,

v.

ANDREW SHIRVELL,

     Defendant/Counter-Claimant.

_____/

CASE NO. 2:11-cv-11921
HON. TERRENCE G. BERG
U.S. DISTRICT JUDGE
HON. ANTHONY P. PATTI
U.S. MAGISTRATE JUDGE

Deborah Gordon Law
Deborah L. Gordon (P27058)
Attorneys for Plaintiff/Counter-Defendant
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, MI 48304
dgordon@deborahgordonlaw.com
(248) 258-2500

Andrew Shirvell
In *Pro Se*
P.O. Box 14951
Tallahassee, FL 32317
shirvell@sbcglobal.net
(386) 569-0563

---

## DEFENDANT ANDREW SHIRVELL'S RESPONSE IN OPPOSITION TO PLAINTIFF ARMSTRONG'S MOTION FOR RENEWED CIVIL JUDGMENT (ECF NO. 253)

NOW COMES Defendant Andrew Shirvell, acting *pro se*, and hereby responds in opposition to Plaintiff Christopher Armstrong's motion for renewed civil judgment.  In support of his response, Defendant Shirvell relies on the accompanying brief.

WHEREFORE, Defendant Shirvell respectfully requests the Court enter an

Order denying Plaintiff Armstrong's motion for renewed civil judgment.

Respectfully submitted,

s/Andrew Shirvell

Andrew Shirvell
In *Pro Se*
P.O. Box 14951
Tallahassee, FL 32317
shirvell@sbcglobal.net
(386) 569-0563

Dated:  August 29, 2022

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER ARMSTRONG,

     Plaintiff/Counter-Defendant,               CASE NO. 2:11-cv-11921

v.                                     HON. TERRENCE G. BERG
                                        U.S. DISTRICT JUDGE

ANDREW SHIRVELL,                  HON. ANTHONY P. PATTI
                                        U.S. MAGISTRATE JUDGE

     Defendant/Counter-Claimant.

_____/

Deborah Gordon Law                   Andrew Shirvell
Deborah L. Gordon (P27058)          In *Pro Se*
Attorneys for Plaintiff/Counter-Defendant   P.O. Box 14951
33 Bloomfield Hills Parkway, Suite 220     Tallahassee, FL 32317
Bloomfield Hills, MI 48304           shirvell@sbcglobal.net
dgordon@deborahgordonlaw.com      (386) 569-0563
(248) 258-2500

**<ins>BRIEF IN SUPPORT OF DEFENDANT ANDREW SHIRVELL'S
RESPONSE IN OPPOSITION TO PLAINTIFF ARMSTRONG'S MOTION
FOR RENEWED CIVIL JUDGMENT (ECF NO. 253)</ins>**

# **TABLE OF CONTENTS**

ISSUE PRESENTED ................................................................... ii

CONTROLLING AUTHORITY ............................................ iii

INTRODUCTION AND SUMMARY OF THE ARGUMENT ..............................1

ARGUMENT ................................................................................3

  A.  Controlling Law.................................................................3

  B.  Plaintiff Armstrong's Motion Is Moot Because
He Seeks To Renew A Civil Judgment That Has Been
Vacated By The U.S. Sixth Circuit Court Of Appeals....................................4

  C.  In The Unlikely Event That Plaintiff Armstrong's Motion
Is Not Moot, It Should Nevertheless Be Denied Because
His Request Is Time-Barred Under Michigan Law..........................................5

  D.  The Doctrine of Laches Prevents This Court From Either
*Sua Sponte* Belatedly Complying With The U.S. Sixth Circuit
Court of Appeals' May 27, 2015, Mandate Or From Entertaining
Any Future Requests From Plaintiff Armstrong To Do So ............................6

CONCLUSION .................................................................................13

CERTIFICATE OF SERVICE ...............................................................15

i

## <u>ISSUE PRESENTED</u>

**I.**    Is Plaintiff Armstrong entitled to renew his clearly vacated August 24, 2012, judgment?

Defendant Shirvell answers: No.

## <u>CONTROLLING AUTHORITY</u>

<u>Cases</u>

*Atlantic Richfield Co. v. Monarch Leasing Co.*,
    84 F.3d 204 (6th Cir. 1996)

*Lothian v. City of Detroit*,
    414 Mich. 160; 324 N.W.2d 9 (1982)

*Smith v. LexisNexis Screening Solutions, Inc.*,
    837 F.3d 604 (6th Cir. 2016)

*Van Reken v. Darden, Neef, and Heitsch*,
    259 Mich. App. 454; 674 N.W.2d 731 (2004)


<u>Court Rules</u>

Fed. R. Civ. P. 58(a)
Fed. R. Civ. P. 69
Fed. R. Civ. P. 69(a)(1)

<u>Statutes</u>

Mich. Comp. Laws § 600.2903
Mich. Comp. Laws § 600.5809(3)

## **INTRODUCTION AND SUMMARY OF THE ARGUMENT**

On August 24, 2022, Plaintiff Armstrong, through counsel Deborah Gordon, filed a motion (ECF No. 253) to renew the multi-million-dollar civil judgment he obtained against Defendant Shirvell following a jury trial that took place in this Court, from August 7, 2012 through August 16, 2012 (see the minute entries entered on the docket sheet in this case).  Senior U.S. District Court Judge Arthur J. Tarnow entered judgment for Plaintiff Armstrong on August 24, 2012 in the amount of $4,500,000.00, per Fed. R. Civ. P. 58(a).  (ECF No. 196).

After Judge Tarnow denied Defendant Shirvell's post-judgment motions, Shirvell, through counsel, appealed to the U.S. Sixth Circuit Court of Appeals, raising a number of issues.  Contrary to the blatant misrepresentation found in Plaintiff Armstrong's motion at ¶ 2, the Sixth Circuit did <u>not</u> deny Defendant Shirvell's appeal.  Rather, in its opinion dated February 2, 2015, the appellate court **reduced** the jury verdict by $1,000,000.00, ruling as follows:

> For the foregoing reasons, we affirm in part, but reverse the district court's award of compensatory damages for false light invasion of privacy. We vacate the district court's judgment and remand with instructions to enter judgment in Armstrong's favor for a total of $3.5 million.  (ECF No. 248, PageID.8130).

Although Defendant Shirvell, through counsel, sought rehearing in the Sixth Circuit, his attempt was denied.  Accordingly, the Sixth Circuit issued its mandate in this case on May 27, 2015:

1

Pursuant to the court's disposition that was filed 02/02/2015 the mandate for this case hereby issues today.  (ECF No. 250, PageID.8133).

Defendant Shirvell, again through counsel, subsequently filed a writ of certiorari to the U.S. Supreme Court, which was denied on November 2, 2015.  (ECF No. 252, PageID.8135).

From the period of early November 2015 through late August 2022, there was no other activity recorded on this case's docket, until Plaintiff Armstrong filed the motion at issue on August 24, 2022.  Indeed, for over seven (7) years, Plaintiff Armstrong **NEVER** sought to enforce his rights by requesting the district court to comply with the terms of the Sixth Circuit's undisturbed February 2, 2015, disposition of this case and its subsequent May 27, 2015, mandate.  Instead, Plaintiff Armstrong held onto the original judgment, entered on August 24, 2012, which the Sixth Circuit clearly ruled was vacated – and now, at the last minute, bizarrely seeks to renew that original vacated judgment.

The fact that Plaintiff Armstrong seeks to now renew the original vacated judgment of $4.5 million is *prima facie* evidence that he has not attempted to – indeed, legally could not – enforce a judgment against Defendant Shirvell within at least the last seven (7) years.  **Because there is no legally-binding enforceable judgment against Defendant Shirvell, Plaintiff Armstrong's motion is moot.** But even if it were not moot, the Court is obligated to deny the motion because Plaintiff Armstrong's renewal request is time-barred.  Furthermore, the doctrine of

2

laches prevents the Court from now *sua sponte* complying with the May 27, 2015, mandate's terms – and likewise prohibits the Court from entertaining any such future requests from Plaintiff Armstrong to do so. After Plaintiff Armstrong had acquiesced for over seven (7) years to the current state of affairs, he cannot now seek to either renew or enforce a civil judgment that no longer exists (whether in the amount of $4.5 million or $3.5 million). Accordingly, Plaintiff Armstrong's motion must be denied in its entirety.

## **ARGUMENT**

### A. **Controlling Law**

"A federal court judgment is 'rendered' only when it is set forth in writing on a separate, discrete document and entered on the civil docket." *Atlantic Richfield Co. v. Monarch Leasing Co.*, 84 F.3d 204, 207 (6th Cir. 1996). See also, Fed. R. Civ. P. 58(a) (Every judgment and amended judgment must be set out in a separate document).

The enforceability and longevity of a federal court judgment, or lack thereof, are governed by Fed. R. Civ. P. 69, which states, "The procedure on execution – and in proceedings supplementary to and in aid of judgment or execution – must accord with the procedure of the state where the court is located, but a federal statute governs to the extent that it applies." Fed. R. Civ. P. 69(a)(1). Here, there is no federal statute that applies, and so Michigan's procedural law governs the

3

adjudication of Plaintiff Armstrong's motion (in the event his motion is not considered moot).

Under Michigan law, a civil judgment is only valid for a ten-year period, beginning from the date on which it was rendered. Mich. Comp. Laws § 600.5809(3). Within that ten-year period, a civil judgment may be renewed for an additional ten (10) years, if the plaintiff-creditor brings an "action…upon the judgment…for a new judgment." *Id*.

**B. <u>Plaintiff Armstrong's Motion Is Moot Because He Seeks To Renew A Civil Judgment That Has Been Vacated By The U.S. Sixth Circuit Court Of Appeals</u>**

Plaintiff Armstrong's August 24, 2022, motion seeks to renew a $4.5 million civil judgment that was entered against Defendant Shirvell in this Court on August 24, 2012. Upon subsequent appeal to the U.S. Sixth Court of Appeals, the appellate court vacated the original $4.5 million judgment and instructed the district court "to enter judgment in Armstrong's favor for a total of $3.5 million." (ECF No. 248, PageID.8130). A vacated judgment is not legally-binding, and is, thus, unenforceable. Accordingly, the judgment entered on August 24, 2012, no longer exists and cannot be "renewed." Plaintiff Armstrong's motion for renewed civil judgment must be denied as moot.

**C. <u>In The Unlikely Event That Plaintiff Armstrong's Motion Is Not Moot, His Request Should Nevertheless Be Denied Because It Is Time-Barred Under Michigan Law</u>**

Instead of commencing a separate suit to "renew" the clearly vacated August 24, 2012, civil judgment under Mich. Comp. Laws § 600.2903, Plaintiff Armstrong has instead chosen to file a motion to renew the vacated judgment.  In *Van Reken v. Darden, Neef, and Heitsch*, 259 Mich. App. 454; 674 N.W.2d 731 (2004), the Michigan Court of Appeals held that a motion to renew a civil judgment constituted an "action" upon the judgment:

> Taking the plain meaning of the phrase 'an action,' we find that in MCL 600.5809(3) the Legislature clearly intended actions beyond just civil complaints to extend or renew a judgment (internal citation omitted).

*Id*. at 460.

However, in ruling for the plaintiff-creditor, the *Van Reken* Court also unequivocally held that the plaintiff's action was not time-barred under Michigan's ten-year statute of limitations because **both** the plaintiff's motion **and** the lower court's February 28, 2001, order granting that motion occurred <u>before</u> the ten-year expiration of the final judgement.  *Id*. at 458, 461.

Here, even if this Court were to somehow find that Plaintiff Armstrong could seek renewal of his original (but clearly vacated) August 24, 2012, judgment, Armstrong waited too long to effectuate the renewal.  Unlike the plaintiff-creditor in *Van Reken*, Plaintiff Armstrong filed his motion for renewal on the very last

possible day.  As of the date of this response's submission, the Court has not yet

ruled on the motion.  Indeed, the deadline has now come and gone for the Court to

do so.  Accordingly, even if Plaintiff Armstrong's motion is not moot, it

nevertheless should be denied because the Court is unable to provide the relief

Armstrong seeks (i.e., the renewal of a vacated judgment) within Michigan's strict

ten-year limitation.

D. **The Doctrine of Laches Prevents This Court From Either *Sua Sponte* Belatedly Complying With The U.S. Sixth Circuit Court of Appeals' May 27, 2015, Mandate Or From Entertaining Any Future Requests From Plaintiff Armstrong To Do So**

The U.S. Sixth Circuit Court of Appeals' February 2, 2015, opinion in this

case was crystal clear:

> For the foregoing reasons, we affirm in part, but reverse the district court's award of compensatory damages for false light invasion of privacy. We vacate the district court's judgment and remand with instructions to enter judgment in Armstrong's favor for a total of $3.5 million.  (ECF No. 248, PageID.8130).

The appellate court's mandate, in which it affirmed its February 2, 2015, opinion,

was issued on May 27, 2015. (ECF No. 250).  The civil docket in this case plainly

shows that the district court never complied with the Sixth Circuit's unambiguous

instructions to "enter judgment in Armstrong's favor for a total of $3.5 million"

(ECF No. 248, PageID.8130).

6

Under *Atlantic Richfield Co.*, *supra*, and Fed. R. Civ. P. 58(a), there has been no legally-binding enforceable judgment against Defendant Shirvell for more than seven (7) years.  Not only was the original August 24, 2012, $4.5 million judgment vacated, but an amended $3.5 million judgment was never "set forth in writing on a separate, discrete document and entered on the civil docket." *Atlantic Richfield Co.*, *supra*, at 207.

In that more than seven-year period, Plaintiff Armstrong has also never sought to enforce his rights by requesting that the district court comply with the May 27, 2015, appellate court mandate and enter an amended judgment against Defendant Shirvell.  This indisputable fact belies the claim that Plaintiff Armstrong makes in his motion at ¶ 3, asserting – without any supporting evidence – that he is actively trying to collect on "the outstanding Judgment."  It is a legal impossibility to either register or collect upon a vacated judgment, such as the August 24, 2012, original judgment.  It is also a legal impossibility to either register or collect upon an amended judgment that has never been issued. Moreover, Plaintiff Armstrong's motion, which bizarrely seeks to renew the original vacated judgment of $4.5 million, is *prima facie* evidence that he has not attempted to – indeed, legally could

not – enforce a judgment against Defendant Shirvell within at least the last seven (7) years.[1]

Per the doctrine of laches, Plaintiff Armstrong's failure to enforce his rights for more than seven (7) years now prevents him from belatedly asserting them. As the Michigan Supreme Court has noted:

> Laches, the corresponding judicially imposed equitable principle, denotes 'the passage of time combined with a change in condition which would make it inequitable to enforce a claim against the defendant.' The doctrine of laches reflects 'the exercise of the reserved power of equity to withhold relief otherwise regularly given where in the particular case the granting of such relief would be unfair and unjust.' Laches differs from the statutes of limitation in that ordinarily it is not measured by the mere passage of time. Instead, when considering whether a plaintiff is chargeable with laches, we must afford attention to prejudice occasioned by the delay. As a general rule, '[w]here the situation of neither party has changed materially, and the delay of one has not put the other in a worse condition, the defense of laches cannot…be recognized.'

---

[1] Here, the case of *Smith v. LexisNexis Screening Solutions, Inc.*, 4:13 -cv-10774 (E.D. Mich.), is instructive. "Following a jury trial, the court awarded [the plaintiff] Smith $75,000 in compensatory damages…plus $150,000 in punitive damages." *Smith v. LexisNexis Screening Solutions, Inc.*, 837 F.3d 604, 607 (6th Cir. 2016). On appeal, the Sixth Circuit affirmed the $75,000 in compensatory damages, but vacated the punitive damage award in its entirety. *Id*. at 611-612. The concluding paragraph of the Sixth Circuit's opinion was as follows: "The district court's judgment is accordingly reversed regarding willfulness and punitive damages, and the judgment is affirmed on all other grounds. The case is remanded for entry of an order consistent with this opinion." *Id*. at 612. Following the issuance and entry of the Sixth Circuit's mandate on October 5, 2016 (*Smith v. LexisNexis, supra*, ECF No. 82), the district court promptly issued an order requiring "the parties to submit a proposed order consistent with the opinion of the Court of Appeals…or failing that, each party shall submit a proposed order along with a memorandum." (*Id*. at ECF No. 85). Shortly thereafter, the district court entered an amended judgment on November 9, 2016 (*Id*. at ECF No. 89), and a satisfaction of judgment was later filed on January 4, 2017 (*Id*. at ECF No. 93).

*Lothian v. City of Detroit*, 414 Mich. 160, 168; 324 N.W.2d 9 (1982) (internal citations and footnotes omitted).

Here, should Plaintiff Armstrong seek this Court's compliance with the May 27, 2015, mandate in this case, such a request would be barred by the doctrine of laches. With more than seven (7) years having passed since the mandate's issuance, the Court must withhold granting any such relief because to do so would be unfair and unjust to Defendant Shirvell.  For the following reasons, Defendant Shirvell would suffer tremendous prejudice if the Court were to enter an amended judgment against him after more than seven (7) years of failing to do so.

To begin with, the presiding district court judge, the Honorable Arthur J. Tarnow, passed away on January 21, 2022 (Eastern District of Michigan Administrative Order No. 22-AO-007, filed February 14, 2022).[2]  Judge Tarnow remained an active judge until his death.  *Id*.  He had overseen all aspects of this case and the companion case of *Shirvell v. Gordon*, 2:11-cv-14781 (E.D. Mich.). Plaintiff Armstrong's August 24, 2022, motion filing, which is without a sound legal basis, has now triggered the reassignment of this long-ago closed case to the successor judge, the Honorable Terrence G. Berg, as outlined in Eastern District of Michigan Administrative Order No. 22-AO-007, *supra*.  Any future request from

---

[2] Available online at https://www.mied.uscourts.gov/PDFFIles/22AO007.pdf.

Plaintiff Armstrong to enter the amended $3.5 million judgment would necessarily go before Judge Berg.

While it is not the fault of Judge Berg, such a disposition allows Plaintiff Armstrong, through counsel, to play loose and fast with the facts – and even make outright misrepresentations.  In fact, Plaintiff Armstrong has already done so in his pending motion at ¶ 2 by brazenly misinforming the Court that, "Defendant Shirvell's appeal to the Sixth Circuit Court of Appeals was denied."  As repeatedly discussed, *supra*, the Sixth Circuit affirmed in part and reversed in part, and significantly reduced Plaintiff Armstrong's damages by one million dollars.  The time and energy that Defendant Shirvell must now put into correcting the record demonstrates the prejudice that Shirvell has already endured, and will continue to endure, if Plaintiff Armstrong is permitted to continue filing motions before Judge Tarnow's successor judge regarding a non-existent judgment.

A second, more compelling reason to deny Plaintiff Armstrong from very belatedly asserting his rights regarding the May 27, 2015, mandate's instructions is that Armstrong's inexcusable delay puts Defendant Shirvell in a much worse financial position.  Had Plaintiff Armstrong timely asserted his rights to the amended judgment, Defendant Shirvell would have had at least the opportunity to start making payments, if he was financially able to.  But without an enforceable judgment for over seven (7) years, Defendant Shirvell was prevented from doing

10

so solely due to Plaintiff Armstrong's severe lack of diligence in enforcing his own rights.

Additionally, if the Court were to enter an amended judgment against Defendant Shirvell and comply with the May 27, 2015, mandate's terms (after seven (7) years of failing to do so), the new entry date would unjustly permit Plaintiff Armstrong to extend the life of his amended judgment.  That is, should the Court enter the amended judgment using a contemporaneous date in the year of 2022, that action would mean Plaintiff Armstrong would not have to renew the amended judgment until 2032, per Michigan's ten-year statute of limitations, as discussed, *supra*.  Plaintiff Armstrong would then have an unjust advantage over Defendant Shirvell by not having to return to this Court to renew his amended judgment until 2032 (rather than 2025, had he promptly asserted his rights).  In essence, Plaintiff Armstrong would gain an additional seven (7) years to collect on his amended judgment. Such an absurd result is patently unfair to Defendant Shirvell.

The Court also cannot excuse Plaintiff Armstrong's grave lack of diligence by simply entering the amended judgment *nunc pro tunc.* Backdating the entry to 2015, or any other time since then, would allow Plaintiff Armstrong to gain a massive financial windfall due to accrued continuing interest.  This windfall would come at Defendant Shirvell's expense by allowing Plaintiff Armstrong to increase

11

his total amended judgment while having denied Shirvell the opportunity – for seven (7) years – to make even limited payments to cut down on the principal amount.  Again, such a vividly unjust result, which would be directly attributable to Plaintiff Armstrong's failure to timely enforce his own rights, would massively prejudice Defendant Shirvell.

An unpublished 2016 decision from the U.S. Seventh Circuit Court of Appeals is directly on point and represents persuasive authority regarding the application of the doctrine of laches to a plaintiff-creditor who failed to enforce his judgment against a defendant-debtor.  The case, *Austin v. Niblick*, Case No. 16-3317, (7th Cir. 2016), is attached to this response as "Exhibit A."  In *Austin*, the federal district court had awarded plaintiff-creditor Austin a nearly $17,000.00 default judgment in 1995, but he failed to enforce his rights to collect against the defendant-debtor's employer (the City of Fort Wayne) until late 2014, just prior to the 20-year expiration of the federal court judgment (pursuant to Indiana law).  The district court, applying Indiana law, ruled that the doctrine of laches prevented plaintiff-creditor Austin from collecting on the 19-year-old judgment, and the Seventh Circuit affirmed on that basis.  With regard to the prejudice that defendant-debtor City of Fort Wayne would endure had plaintiff-creditor Austin been permitted to enforce his rights to collection, the Seventh Circuit ruled as follows:

[A]ustin wants the city to pay not only the original award, but also well over $200,000 in interest. That sum greatly exceeds the original judgment, and the increase is largely attributable to Austin's delay. This is so even taking into account the fact that an adjustment must be made before one can accurately express the 2016 value in 1995 dollars. The government's CPI Inflation Calculator indicates that $17,000 in 1995 – the approximate amount of the default judgment – is equivalent to just $26,965 in 2016. This shows that Austin is asking for quite a bit more than he initially received. Moreover, as far as the city knew, Austin had simply abandoned this claim. From that perspective, these are all new demands. Indiana law does not permit litigants to wait in the wings while their claims increase in value. Indeed, this is precisely the type of prejudice that laches seeks to prevent. Equity aids the vigilant, not those who slumber on their rights. The district court reasonably decided that Austin, having slept for 19 years, may not wake up now.

*Austin*, *supra*, at 3-4 (internal citations omitted). See again, Exhibit A.

Like the plaintiff-creditor in *Austin*, the doctrine of laches prohibits Plaintiff Armstrong from belatedly enforcing his rights surrounding the May 27, 2015, mandate. Given Plaintiff Armstrong's failure to assert his rights for at least seven (7) years, it was reasonable for Defendant Shirvell to conclude that Plaintiff Armstrong had abandoned any collection efforts. Thus, similar to the outcome in *Austin*, this Court cannot allow Plaintiff Armstrong to "wake-up" now, after he slumbered for over seven (7) years.

## **CONCLUSION**

As demonstrated above, Plaintiff Armstrong's motion to renew civil judgment is moot because he seeks to renew the original August 24, 2012,

judgment, which was unquestionably vacated by the U.S. Sixth Circuit Court of Appeals. However, even if Plaintiff Armstrong's motion is not moot, his request is time-barred under Michigan's ten-year statute of limitations because Armstrong failed to give this Court enough time to rule on the renewal request prior to the ten-year expiration of the original judgment. Finally, the doctrine of laches prohibits this Court from entering an amended judgment because Plaintiff Armstrong failed to enforce his rights for over seven (7) years – and to enter the amended judgment now would severely prejudice Defendant Shirvell. In short, a legally-binding enforceable judgment against Defendant Shirvell has not existed for more than seven (7) years in this case. Accordingly, there is no "judgment" for this Court to renew.

WHEREFORE, Defendant Shirvell respectfully requests the Court enter an Order denying Plaintiff Armstrong's motion for renewed civil judgment.

Respectfully submitted,

s/Andrew Shirvell

Andrew Shirvell
In *Pro Se*
P.O. Box 14951
Tallahassee, FL 32317
shirvell@sbcglobal.net
(386) 569-0563

Dated: August 29, 2022

14

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 29, 2022, I electronically filed the foregoing papers with the Clerk of the Court using the *pro se* document upload feature available via the Court's website, which will send notification of such filing to all counsel of record.

<u>s/Andrew Shirvell</u>

Andrew Shirvell
In *Pro Se*
P.O. Box 14951
Tallahassee, FL 32317
shirvell@sbcglobal.net
(386) 569-0563

15

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER ARMSTRONG,

      Plaintiff/Counter-Defendant,            CASE NO. 2:11-cv-11921

v.                                    HON. TERRENCE G. BERG
                                        U.S. DISTRICT JUDGE

ANDREW SHIRVELL,                HON. ANTHONY P. PATTI
                                        U.S. MAGISTRATE JUDGE

      Defendant/Counter-Claimant.

_____/

Deborah Gordon Law                   Andrew Shirvell
Deborah L. Gordon (P27058)          In *Pro Se*
Attorneys for Plaintiff/Counter-Defendant    P.O. Box 14951
33 Bloomfield Hills Parkway, Suite 220      Tallahassee, FL 32317
Bloomfield Hills, MI 48304             shirvell@sbcglobal.net
dgordon@deborahgordonlaw.com      (386) 569-0563
(248) 258-2500

---

# EXHIBT A

## OF DEFENDANT ANDREW SHIRVELL'S BRIEF IN SUPPORT OF HIS RESPONSE IN OPPOSITION TO PLAINTIFF ARMSTRONG'S MOTION FOR RENEWED CIVIL JUDGMENT (ECF NO. 253)

NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted November 14, 2016[*]
Decided November 22, 2016

**Before**

DIANE P. WOOD, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 16-3317

| | |
|---|---|
| JARREN L. AUSTIN,<br>    *Plaintiff-Appellant*, | Appeal from the United States District<br>Court for the Northern District of Indiana,<br>Fort Wayne Division |
| *v.* | |
| JOHN NIBLICK,<br>    *Defendant*, | No. 1:93-cv-217 |
| CITY OF FORT WAYNE,<br>    *Intervenor-Appellee*. | William C. Lee,<br>*Judge*. |

**O R D E R**

---

[*] We have unanimously agreed to decide this case without oral argument, because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. See Fed. R. App. P. 34(a)(2)(C). The new appeal has been assigned to the panel that handled Austin's earlier appeal, pursuant to Internal Operating Procedure 6(b).

No. 16-3317                                                                          Page 2

This case had its origins in 1991, when officers from the Fort Wayne, Indiana, police force arrested Jarren Austin and allegedly beat him as they did so. In 1993, relying on 42 U.S.C. § 1983 and several state-law theories, Austin sued one of the arresting officers, John Niblick, as well as several other unnamed officers and the City of Fort Wayne. Austin later dismissed his claims against the unnamed officers and the city, leaving Niblick as the sole defendant. Niblick made no effort to defend, however, though nothing indicates that he was not properly served. In 1995 the district court awarded Austin a $16,998.36 default judgment against the absent officer. By that time, Niblick had moved to Florida. The record then goes silent until December 16, 2014, when Austin filed a *pro se* "Motion Requesting Extension of Time and Clarification on the Court's Prior Judgment and Order Dated September 8, 1995" in the U.S. district court for the Northern District of Indiana, which had entered the 1995 judgment. In essence, the motion asked the court to help Austin to collect on the nearly 20-year-old judgment against Niblick. After it caught wind of the litigation, the City of Fort Wayne intervened to defend against Austin's request that the City pay the judgment, with interest.

The district court denied Austin's motion, finding that Indiana law did not permit him to sue the City. On appeal, we rejected that rationale, noting that in substance Austin had instituted proceedings supplemental to the underlying litigation, as authorized by Federal Rule of Civil Procedure 69. *Austin v. Niblick,* 626 F. App'x 167 (7th Cir. 2015) (*Austin I*). We found that Indiana law did require the city to pay judgments against its employees, *id.* at 169–170, and thus held that the case had to be remanded for further proceedings. Mindful of the lengthy delay between the judgment and the collection proceedings, however, we pointedly added that "the district court may consider the timeliness of Austin's motion, given that he filed it 19 years after the judgment was issued." *Id.* at 171. On remand, the district court accepted that invitation and ruled that the doctrine of laches prevented Austin from enforcing his judgment against the city so late in the game. Austin has once again appealed.

Rule 69(a)(1) provides that the enforcement of money judgments "must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." In other words, Rule 69 "adopts whatever procedures are followed by the state courts in which the collection is sought … unless there is an applicable federal statute expressly regulating the execution of judgments." *Star Ins. Co. v. Risk Mktg. Grp. Inc.,* 561 F.3d 656, 661 (7th Cir. 2009) (quoting *Maher v. Harris Trust & Sav. Bank,* 506 F.3d 560, 563 (7th Cir. 2007)). Thus while we are not bound to apply "every jot and tittle" of state procedural rules, in general we should conform Rule 69 proceedings to state law. *GE Betz, Inc. v. Zee Co.,* 718 F.3d 615, 626–27 (7th Cir. 2013)

(quoting *Resolution Trust Corp. v. Ruggiero*, 994 F.2d 1221, 1226 (7th Cir. 1993)). In this case, there is no federal statute on point, and so we turn to Indiana law for guidance.

Laches is an equitable doctrine that permits courts to refuse to aid litigants who have slept on their rights. *SMDfund, Inc. v. Fort Wayne-Allen Cnty. Airport Auth.*, 831 N.E.2d 725, 729 (Ind. 2005). It applies "[i]ndependently of any statute of limitation," meaning that a claim can be barred even if the time for filing has not yet officially expired. *Id.* (quoting *Penn Mutual Life Ins. Co. v. Austin*, 168 U.S. 685, 698 (1898)). Thus even if Austin's claim is not strictly barred by Indiana's statute of limitations—an issue we do not reach—the district court was permitted nonetheless to conclude that it was foreclosed by laches. See *Austin I*, 626 F. App'x at 171 (noting split of Indiana authority on applicability of statute of limitations). Laches bars a plaintiff's claim if her opponent establishes "(1) inexcusable delay in asserting a known right; (2) an implied waiver arising from knowing acquiescence in existing conditions; and (3) a change in circumstances causing prejudice to the adverse party." *SMDfund*, 831 N.E.2d at 729. This test is applied flexibly. Indiana recognizes "no fixed or definite rule for the application of the doctrine of laches.'" *Richmond State Hosp. v. Brattain*, 961 N.E.2d 1010, 1012 (Ind. 2012) (quoting *Grantham Realty Corp. v. Bowers*, 22 N.E.2d 832, 839 (Ind. 1939)).

The district court acted well within the boundaries of its authority when it concluded that Austin's delay was inexcusable. He waited almost 20 years to enforce his judgment against the city. Nothing during that period prevented him from asserting his rights, and he cannot plead ignorance as Indiana charges him with knowledge of the law. *SMDfund*, 831 N.E.2d at 729 (Ind. 2005). There is no special dispensation for *pro se* litigants, and in any event it appears that Austin was represented by counsel for much of the relevant time. He may fault his lawyer for failing to bring this action sooner, but it is well established under Indiana and federal law that clients are accountable for their attorneys' conduct, even if that conduct was negligent. *Mirka v. Fairfield of America, Inc.*, 627 N.E.2d 449, 450 n. 1 (Ind. Ct. App. 1994); *Bakery Mach. & Fabrication, Inc. v. Traditional Baking, Inc.*, 570 F.3d 845, 848 (7th Cir. 2009).

The same logic governs the second part of the laches analysis. Austin acquiesced for nearly two decades to existing conditions. See *Hutchinson v. Spanierman*, 190 F.3d 815, 825–26 (7th Cir. 1999). The only evidence of action that he provides is a skimpy affidavit the district court found was not credible, and a demand letter sent to the city mere months before he initiated this litigation. That is not enough to outweigh 19 years of stasis. Prejudice, the final element, is also easy to find. Austin wants the city to pay not only the original award, but also well over $200,000 in interest. That sum greatly

exceeds the original judgment, and the increase is largely attributable to Austin's delay. This is so even taking into account the fact that an adjustment must be made before one can accurately express the 2016 value of 1995 dollars. The government's CPI Inflation Calculator indicates that $17,000 in 1995—the approximate amount of the default judgment—is equivalent to just $26,965 in 2016. See http://data.bls.gov/cgi-bin/cpicalc. pl?cost1=17000&year1=1995&year2=2016. This shows that Austin is asking for quite a bit more than he initially received. Moreover, as far as the city knew, Austin had simply abandoned this claim. From that perspective, these are all new demands. Indiana law does not permit litigants to wait in the wings while their claims increase in value. See, *e.g.*, *Brattain*, 961 N.E.2d at 1015; *Wagner v. Estate of Fox*, 717 N.E.2d 195, 204 (Ind. Ct. App. 1999). Indeed, this is precisely the type of prejudice that laches seeks to prevent. Equity aids the vigilant, not those who slumber on their rights. The district court reasonably decided that Austin, having slept for 19 years, may not wake up now.

The district court's order denying Austin's motion is AFFIRMED.