UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **CHRISTOPHER ARMSTRONG**, <br><br> Plaintiff, <br><br> vs. <br><br> **ANDREW SHIRVELL,** <br><br> Defendant. | **2:11-CV-11921-TGB-APP** <br><br> **ORDER DENYING MOTION FOR RELIEF FROM RENEWED JUDGMENT** <br><br> **(ECF NO. 259)** |

Last year, on November 15, 2022, the Court entered a renewed judgment against disgraced former Michigan Assistant Attorney General Andrew Shirvell, in relation to a jury verdict on claims concerning his extended "campaign" against Christopher Armstrong. This "campaign" was the result of Shirvell's inability to tolerate that Armstrong was openly gay while he was student-body president at the University of Michigan. *See Armstrong v. Shirvell*, 596 F. App'x 433 (6th Cir. 2015). The renewed judgment was entered on Armstrong's motion, over Shirvell's objections, in accordance with MCL § 600.5809.

Shirvell has returned to Court, seeking relief from the renewed judgment. On November 14, 2023, almost exactly a year after its entry, he filed a motion, purportedly under Rule 60(b). The Court will resolve the motion without the need of any response from Armstrong.

1

Federal Rule of Civil Procedure 60(b) allows a party to file a motion to "seek relief from a final judgment, and request reopening, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). The rule enumerates six grounds for relief:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The rule does not provide a firm deadline for filing but provides that a motion "must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed R. Civ. P. 60(c)(1).

Citing reasons (3), (4), (5), and (6), Shirvell argues that he is entitled to relief from the renewed judgment for two reasons. First, he says that Armstrong perpetrated fraud on the Court because Armstrong "never provided this Court with an ounce of proof that he obtained Florida counsel and was actively trying to collect on a vacated $4.5 million judgment," whereas Shirvell "unambiguously denied" that

Armstrong had made attempts to collect. Second, he accuses this Court of entering the renewed judgment only through "legal contortions" of Sixth Circuit caselaw. He challenges the Court's reasoning in granting Armstrong's motion for renewed judgment, arguing that the judgment was void and also that its entry was barred by the doctrine of laches.

Shirvell's arguments are without merit. His contention about Armstrong's "fraud" on the Court smacks of bad faith. It is unsupported by any evidence, and—having been submitted just a day shy of a year of the entry of renewed judgment—is only barely timely. There is no question that the argument could have been advanced within the time allowed for motions for reconsideration. And on the merits it must fail. As the Court explained in its November 15, 2022 order preceding the renewed judgment, Michigan law contemplates indefinite extension of the life of a judgment, so consequently Armstrong's motion for a renewed judgment was timely. If there are legal contortions taking place, they are being performed by Shirvell in his efforts to escape a judgment duly entered after a jury found against him following a hard-fought trial.

As for Shirvell's other arguments, the time to make those has expired. Under Local Rule 7.1, motions for reconsideration "must be filed within 14 days after entry of the order [challenged]." Shirvell's motion, which has arrived nearly a year later, is out of time.

For the reasons stated above, Shirvell's motion (ECF No. 259) is **DENIED.**

3

**IT IS SO ORDERED**, this 21st day of November, 2023.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge